(No. 17830.—Reversed and remanded.)
THOMAS F. MACK, Defendant in Error, vs. THE LIVERPOOL
AND LONDON AND GLOBE INSURANCE COMPANY, LTD.,
Plaintiff in Error.

*Opinion filed February 24, 1928.*

1. INSURANCE—*a fire insurance policy is a personal contract—
action.* A contract of fire insurance is a personal one and does
not run with the land on which the property which is the subject
of insurance is situated, as the contract is to indemnify the person
named in the policy for damage to property in which he has an
insurable interest at the time of the issuance of the policy and at
the time of loss; but it does not necessarily follow because the
action is personal that it must be prosecuted, under all circum-
stances, only in the name of the person insured.

2. SAME—*receiver of property in litigation may collect fire in-
surance.* A receiver in charge of property which is the subject
matter of litigation and which has been damaged or destroyed by
fire may be directed by the appointing court to institute suit upon
an existing fire insurance policy to recover damages for the loss
sustained; but the appointment of the receiver cannot change any
existing contractual relation or create a new right of action where
none existed under or by virtue of the insurance contract.

3. SAME—*provisions against increasing risk are valid and en-
forceable.* While a contract of insurance will be construed most
strongly against the insurer so as to avoid a forfeiture of the pol-
icy, if possible, provisions which prohibit an increase of the risk
or hazard and which avoid the policy upon their violation are valid
and enforceable.

4. SAME—*provision rendering fire insurance policy void upon
institution of foreclosure proceeding is valid and enforceable.* As
a foreclosure proceeding jeopardizes the mortgagor's interest to a
greater degree than the mere existence of an encumbrance and
thereby increases the insurer's risk, a provision in a fire insurance
policy that it shall become void upon the commencement of a fore-
closure proceeding is valid and enforceable.

5. SAME—*when institution of a foreclosure proceeding renders
policy void.* Where a fire insurance policy provides that the insti-
tution of a foreclosure proceeding against the property will render
the policy void, the mere notation on the policy that notice of an
encumbrance of a certain amount is accepted does not constitute a
mortgage clause and does not prevent forfeiture for the institution

of a foreclosure proceeding where no waiver of the forfeiture provision is shown; and as the filing of the bill to foreclose constitutes the institution of the foreclosure proceeding, the fact that summons is not served on the insured until after the loss of the property by fire will not avoid the forfeiture, where knowledge of the suit is not made a condition thereof.

6. ACTIONS AND DEFENSES—*filing of bill constitutes the institution of suit.* Under section 4 of the Chancery act the filing of the bill is the commencement of a suit in equity.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Mercer county; the Hon. WILLIAM T. CHURCH, Judge, presiding.

D. A. HEBEL, and HICKS & FOLONIE, for plaintiff in error.

WATSON & DUVALL, for defendant in error.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Thomas F. Mack, receiver in the matter of Elizabeth Mack against James Nolan and others, instituted suit on a policy of fire insurance against the Liverpool and London and Globe Insurance Company, Ltd., a corporation, in the circuit court of Mercer county. The defendant filed a general and special demurrer to the amended declaration. The demurrer was overruled and the defendant elected to abide by it. Evidence was heard and judgment was rendered in favor of the plaintiff for $1000 and costs. The defendant prosecuted an appeal to the Appellate Court for the Second District, and that court affirmed the judgment. Upon the company's petition a writ of *certiorari* was allowed, and the cause is here for a further review.

The plaintiff in his amended declaration alleged that the defendant on February 27, 1920, issued its policy to James Nolan in consideration of the stipulations therein set forth

and the payment of a certain note for the premium, and that by the policy Nolan was insured for the ensuing term of five years, in amounts specified, against loss or damage by fire, lightning, tornado, cyclone or high wind, to real and personal property particularly described, including a certain barn and sheds. The policy was set out at length in the declaration, and it contained the following among other provisions: "And it is stipulated and agreed that if * * * the property or any part thereof shall hereafter become mortgaged or encumbered; or upon the commencement of foreclosure proceedings; or in case any change shall take place in title or interest or possession (except by succession by reason of the death of the assured) of the property herein named; or if the assured shall not be the sole and unconditional owner in fee of said property; or if this policy shall be assigned without written consent hereon, * * * then in each and every one of the above cases this policy shall be null and void." It was further alleged in the amended declaration that on February 19, 1919, Gustaf Tollenaer owned the premises upon which the insured property was located; that he and his wife on that day conveyed the premises to R. P. Wait as trustee, to secure the payment of an indebtedness of $18,000; that thereafter, by deed dated February 26, 1920, Tollenaer and his wife conveyed their equity of redemption to Nolan; that Elizabeth Mack for a valuable consideration purchased and became the owner of the encumbrance on the premises; that the trust deed to Wait provided that the grantor therein would keep all buildings at any time on the land insured against loss by fire or tornado, in companies to be approved by the holder of the trust deed, in an amount equal to the mortgage indebtedness and deliver to the holder of the mortgage the insurance policies, so written as to require all loss to be applied in reduction of the indebtedness; that the policy of insurance upon which suit was brought bore on its face the endorsement, "Notice accepted of an encumbrance of $18,-

ooo on premises herein described," and that the policy was obtained by Nolan to comply with the provisions of the trust deed.  The plaintiff further alleged in his amended declaration that on June 9, 1924, Elizabeth Mack filed in the circuit court of Mercer county her bill to foreclose the trust deed; that she alleged in her bill that Nolan not only had made default in the payment of interest and taxes but had left Mercer county and his place of residence could not be ascertained, and she asked the appointment of a receiver to take charge of the property; that on the day the bill was filed Thomas F. Mack was appointed receiver and was directed by the court to take charge of the mortgaged property, to collect the income, to pay the taxes and for necessary repairs, to keep the property insured, and to bring the balance of the money into court to await its order; that thereafter, on the day the receiver was appointed, the barn described in the policy was destroyed by fire, resulting in a loss to the plaintiff of $1000; that Elizabeth Mack had an interest in the property and the receiver had an interest in the insurance on the property for her use; that at the time of the loss the receiver, for the use of Elizabeth Mack, was the insured person, and that upon the occurrence of the fire the insurance became payable to him.  The service of notice and of proof of loss in accordance with the provisions of the policy was then alleged.  The declaration concluded with the allegations that by an order of the circuit court the receiver was directed to bring suit upon the policy, and that although he had fully performed the conditions of the policy on his part, yet the company refused to satisfy the loss.

The defendant's general and special demurrer to the amended declaration assigned the following causes:  (1) That the plaintiff had no legal interest in the suit and was not a necessary or proper party to an action on the policy; (2) that the policy was not issued to and did not cover or protect any interest of Elizabeth Mack;  (3) that subse-

329—11

quently to the issuance of the policy, and before the loss occurred, a foreclosure proceeding was commenced which rendered the policy void; (4) that there was a change in title, interest or possession which invalidated the policy; and (5) that the policy was not in effect when the loss occurred. Since the demurrer was overruled and the defendant elected to abide by its demurrer no further pleadings were filed. The cause must therefore be determined upon the facts well pleaded in the amended declaration, which, obviously, are admitted by the demurrer.

The first contention made by the plaintiff in error for a reversal of the judgment is, that the policy upon which suit was brought is a personal contract with James Nolan, and that an action upon it can be maintained, not in the name of the receiver appointed in the foreclosure proceeding but only in the name of the person insured. The contract of fire insurance is a personal one and does not run with the land. It is a contract to indemnify the person named in the policy for damage to property in which he has an insurable interest, existing both at the time of the issuance of the policy and at the time of loss. (1 Joyce on Insurance,—2d ed.—secs. 6, 23; 4 id. sec. 2246.) The contract of insurance appertains to the person or party to the contract and not to the thing which is subjected to the risk against which the owner is protected. (1 Joyce on Insurance,—2d ed.—sec. 23.) It does not necessarily follow because the action is personal that it must be prosecuted, under all circumstances, only in the name of the person insured. A receiver in charge of property which is the subject matter of litigation and which has been damaged or destroyed by fire may be directed by the appointing court to institute suit upon an existing fire insurance policy to recover damages for the loss sustained. The appointment of a receiver will not, however, change any existing contractual relation or create a new right of action where none existed under or by virtue of the insurance contract.

Apart from the question of the receiver's right to prosecute this suit plaintiff in error insists that the policy became void upon the commencement of the foreclosure proceeding, and consequently that no action by any person whomsoever is maintainable upon it. It is a rule of law that a contract of insurance will be construed most strongly against the insurer and that a forfeiture of the policy will be avoided, if possible. (*Healey* v. *Mutual Accident Ass'n*, 133 Ill. 556; *Globe Accident Ins. Co.* v. *Gerisch*, 163 id. 625; *Titus* v. *Glens Falls Ins. Co.* 81 N. Y. 410; *Fitzgibbons* v. *Merchants and Bankers Mutual Fire Ins. Co.* 126 Iowa, 52.) But provisions in an insurance contract which prohibit an increase of the risk or hazard and which avoid the policy upon their violation are valid and enforceable. Experience has shown that a foreclosure proceeding jeopardizes the mortgagor's interest to a greater degree than does the mere existence of an encumbrance and that such a proceeding increases the insurer's risk. Hence a provision in a policy of insurance that it shall become void upon the commencement of a foreclosure proceeding is a common one and is enforceable. (4 Joyce on Insurance,—2d ed.—secs. 2246a, 2270a; *Kelly Co.* v. *St. Paul Fire and Marine Ins. Co.* 56 Fla. 456; *McIntire* v. *Norwich Fire Ins. Co.* 102 Mass. 230; *Springfield Steam Laundry Co.* v. *Traders Ins. Co.* 151 Mo. 90; *Titus* v. *Glens Falls Ins. Co. supra; Findlay* v. *Union Mutual Fire Ins. Co.* 74 Vt. 211; *Algase Co.* v. *Royal Exchange Assurance Co.* 68 Wash. 173; *Woodard* v. *German-American Ins. Co.* 128 Wis. 1.) If the parties enter into such a contract it is binding upon them. The court cannot make a new contract for them or refuse to enforce the one they have made for themselves. *Meadows* v. *Hawkeye Ins. Co.* 62 Iowa, 387; *Springfield Steam Laundry Co.* v. *Traders Ins. Co. supra.*

Defendant in error, however, contends that plaintiff in error in its policy accepted notice of an encumbrance; that this encumbrance contained a covenant which required the

mortgagor to keep all buildings on the premises insured against loss by fire and to cause the policies to be so written as to require all loss to be applied in reduction of the mortgage indebtedness, and that plaintiff in error had constructive, if not actual, notice of the terms and conditions of the encumbrance. The notation upon the policy of acceptance of notice of an existing encumbrance did not name or designate any person to whom the loss or damage, if any, under the policy, should be paid. That notation did not constitute a mortgage clause. No person other than Nolan was named in the policy. Neither Wait, the trustee, nor Elizabeth Mack, the holder of the notes, was a party to or beneficiary under the contract. The insurer by its acceptance of notice of an existing encumbrance may be said to have assented to that encumbrance and to have waived the provision of the policy making it void if the assured should be other than the sole and unconditional owner of the property, but it does not follow that the insurer by such assent or waiver assumed the greater risk or hazard which the institution of a foreclosure proceeding would entail, or that the provision making the policy void upon the commencement of such a proceeding was thereby abrogated. (*Titus* v. *Glens Falls Ins. Co. supra; Springfield Steam Laundry Co.* v. *Traders Ins. Co. supra.*) That provision is not limited or qualified, and it applies alike to the foreclosure of a mortgage existing at the time the policy was issued and to the foreclosure of a mortgage subsequently executed. No waiver of that provision appears, and upon the institution of the foreclosure suit the policy was forfeited and Nolan could not thereafter recover upon it. The trustee and the holder of the notes failed to provide against this contingency. The scope and intention of the contract cannot be enlarged by the mortgagee or the court. (*Wheeler* v. *Factors and Traders Ins. Co.* 101 U. S. 439.) In this situation neither the mortgagee nor the receiver has any rights under the policy other or greater than

those possessed by Nolan. Since he had no right of action upon the policy, the instant suit by the receiver likewise must fail.

To avoid this result defendant in error insists that, so far as the rights of the mortgagee under the policy are concerned, the foreclosure suit was not commenced until the summons issued in that suit was served upon Nolan, the mortgagor; that such service was not obtained until after the fire had occurred, and hence that there was no forfeiture of the policy. Section 4 of the Chancery act (Cahill's Stat. 1927, p. 220; Smith's Stat. 1927, p. 244;) provides that "the mode of commencing suit in chancery shall be by filing a bill of complaint with the clerk of the proper court, setting forth the nature of the complaint." Under this statute the filing of the bill is the commencement of a suit in equity. (*Johnson* v. *Davidson,* 162 Ill. 232.) A foreclosure suit is begun by filing a bill of complaint in chancery. The filing of the bill would not necessarily afford the insured notice of the suit and he might not receive such notice until summons was served upon him. A certain form of fire insurance policy provides that it "shall be void if, with the knowledge of the insured, foreclosure proceedings be commenced." The policy upon which this suit was brought does not make knowledge by the assured of the institution of the foreclosure suit a condition upon which the policy may be forfeited. The applicable provision of the instant policy makes it void upon the commencement of a foreclosure suit regardless of notice to the assured. By the contract the risk or hazard is increased by the mortgagor's default, and no new or additional right in favor of the mortgagee was created or conferred by the policy or by any endorsement thereon. The commencement of the foreclosure suit, with or without knowledge of the fact by the assured, forfeited the policy. (*Schroeder* v. *Imperial Ins. Co.* 132 Cal. 18; *McIntire* v. *Norwich Fire Ins. Co. supra.*) To sustain his contention,

however, that there was no forfeiture of the policy in question, defendant in error relies upon *Sharp* v. *Scottish Union and National Ins. Co.* 136 Cal. 542, *Schroeder* v. *Imperial Ins. Co. supra, Oakland Home Ins. Co.* v. *Bank of Commerce,* 47 Neb. 717, *Lancashire Ins. Co.* v. *Boardman,* 58 Kan. 339, and *Findlay* v. *Union Mutual Fire Ins. Co. supra.* None of these authorities is in point, for under the policies in these cases either knowledge by the insured of the commencement of the foreclosure suit was required or there was a mortgage clause protecting the mortgagee.

The judgments of the Appellate and circuit courts are reversed and the cause is remanded to the circuit court, with directions to sustain the demurrer.

*Reversed and remanded, with directions.*