(No. 19624.—

MARY LANDGRAF, Defendant in Error, *vs.* PHILIP J. LANDGRAF, Plaintiff in Error.

*Opinion filed December 20, 1929.*

J. M. CAMELON, for plaintiff in error.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

On November 8, 1928, Mary Landgraf filed her bill for divorce against Philip J. Landgraf, her husband, in the circuit court of Cook county. A summons had been issued by the clerk of the court on November 7, and it was served upon the defendant on the day the bill was filed. The defendant did not appear and the bill was taken as confessed by him. Thereafter the complainant and other witnesses

testified in support of the allegations of the bill, and a decree followed. By the decree the complainant was granted a divorce, and the defendant was directed to convey to her his interest in a certain parcel of real estate which the parties held in joint tenancy. Since a freehold is involved, the defendant prosecutes a writ of error directly from this court to review the record.

Six errors are assigned by the plaintiff in error. One is that the clerk of the circuit court had no authority to issue a summons on the day prior to the day the bill was filed. The plaintiff in error argues that service of the summons so issued was ineffectual and hence that the court failed to acquire jurisdiction of the person of the defendant and that it had no power to render the decree. No brief has been filed by the defendant in error.

Section 6 of the Divorce act (Cahill's Stat. 1927, p. 971; Smith's Stat. 1927, p. 1046) provides that the process, practice and proceedings under the act shall be the same as in other cases in chancery, except as in the act otherwise provided. The Divorce act makes no specific provision with respect to the issuance of a summons. Section 4 of the Chancery act, (Cahill's Stat. 1927, p. 220; Smith's Stat. 1927, p. 244) provides that the mode of commencing a suit in chancery shall be by filing a bill of complaint with the clerk of the proper court, setting forth the nature of the complaint. Under this statute the filing of the bill is the commencement of a suit in equity. (*Mack* v. *Liverpool and London and Globe Ins. Co.* 329 Ill. 158; *Warner* v. *Mettler,* 260 id. 416; *Johnson* v. *Davidson,* 162 id. 232). By section 8 of the Chancery act it is provided that upon the filing of every bill, the clerk of the court shall thereupon issue a summons, tested, dated and sealed as a summons in common law suits directed to the sheriff of the county in which the defendant resides, if the defendant be a resident of this State, requiring him to appear and answer the bill on the return day of the summons.

With respect to the question under consideration, section 6 of the Chancery act of 1845, (Rev. Stat. 1845, pp. 93, 94), was the same as section 8 of the present Chancery act. Applying section 6 of the former act, this court said in *Hodgen* v. *Guttery,* 58 Ill. 431, "A summons cannot issue until the bill is filed. It is only upon its being filed with the clerk that the suit is commenced, or the summons can issue. Such is the statutory requirement. This act (the Chancery act) regulates and establishes the practice in such cases, and it alone confers power on the clerk to act, and he must conform to its provisions. Until the bill is filed no suit is pending, and until it is commenced the clerk can neither legally issue process nor make publication. And if service is had on process issued before the bill is filed, or if publication is thus made, the court will fail to acquire jurisdiction of the person of the defendant. In this the statute has made it different from a suit at law, as in that forum the statute has declared that suit shall be commenced by issuing a summons." Likewise under section 8 of the present Chancery act, the filing of a bill is necessary before the clerk is authorized to issue a summons.

The clerk had no authority to issue the summons in the instant case on the day before the bill of complaint was filed and the summons so issued was void. (*Atchison, Topeka and Santa Fe Railway Co.* v. *Lambert,* 31 Okla. 300). Service of the unauthorized summons upon the plaintiff in error was ineffectual to obtain jurisdiction of his person. (*Hodgen* v. *Guttery, supra*). Such jurisdiction was not conferred upon the court, for the plaintiff in error did not appear in the suit, and the bill was taken as confessed by him. The decree of the circuit court must therefore be reversed.

*Decree reversed.*