**GERGELY, Plaintiff-Appellee, v PIONEER MUTUAL CASUALTY CO., Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20586. Decided March 24th, 1947.

Willard Barry, for plaintiff-appellee.

Wm. M. Byrnes, Cleveland, Wm. A. Kane, Cleveland, for defendant-appellant.

## OPINION

By SKEEL, J.:

This appeal comes to this court on questions of law from a judgment entered against the defendant and in favor of the plaintiff in the Municipal Court of Cleveland.

Plaintiff filed her petition in the Municipal Court of Cleveland against Anton Bostjancic, seeking recovery for damages to her automobile, damages which she claims were proximately caused by the negligence of the defendant. At the time of the accident in which the plaintiff's automobile was damaged, the new defendant herein, The Pioneer Mutual Casualty Company, had issued to Anton Bostjancic a policy of liability insurance. Bostjancic had, previous to the day of the accident, been convicted of driving while intoxicated and under the provisions of the Financial Responsibility Law his license to drive would have been revoked unless such policy of insurance was procured. The Pioneer Mutual Casualty Company issued its

liability policy to the defendant, Anton Bostjancic under these circumstances. After the accident between the automobile of plaintiff, Bertha Gergely, Anton Bostjancic and one Zakrajac, which occurred on May 30, 1944, the plaintiff by her attorney attempted to negotiate a settlement of her claim against Anton Bostjancic. The defendant, The Pioneer Mutual Casualty Company was notified and the negotiations were conducted for it and at its request by "Thayer Underwriters Survey." After the insurance company completed its investigation of plaintiff's claim against the defendant, Bostjancic, it denied liability. Plaintiff's counsel was informed of the insurance company's refusal to admit liability, about the middle of August, and when so informed he told the defendant insurance company through a representative of the Thayer organization that he would bring suit.

On September 14, 1944, the defendant Bostjancic was again convicted of driving while intoxicated and was sentenced to the workhouse where he was held under such sentence until November 20, 1944.

The plaintiff filed this action against the defendant Bostjancic on October 14, 1944, and mail service was had on the defendant at his usual place of residence. No answer being filed the case was called for trial on November 17 and after the plaintiff introduced her evidence, damages were assessed and judgment entered thereon on November 21, 1944.

The defendant, Bostjancic, had no actual knowledge of the fact that he had been sued until he received the cost bill from the Municipal Court by mail, which he received after getting out of the workhouse. The evidence discloses that he paid this bill and made no further inquiry nor did he notify his insurance company about it. Early in 1945 an aid of execution proceeding was filed and served on Bostjancic. He testified that this was the first time he knew there was a judgment against him but even then he did not notify the insurance company. On March 22, 1945, the plaintiff filed a supplemental petition making the insurance company a party defendant. In said petition the plaintiff set forth her judgment against the defendant Bostjancic and alleged that the defendant, The Pioneer Mutual Casualty Company then having been made a new party defendant, had issued to the judgment debtor a liability policy of insurance insuring the said Bostjancic against claims for damages growing out of the operation of his automobile and by the supplemental petition the plaintiff seeks to have the proceeds of such policy of insurance insofar as is needed applied to the payment of her judgment.

The defendant insurance company filed an answer admitting the issuance of said policy and alleging that it was not notified of the pendency of such action before judgment either by the defendant Bostjancic or the plaintiff, as provided by the terms of said policy, and that it had no opportunity to defend such action and cannot now be compelled to satisfy said judgment.

Upon the trial of the issues joined upon the supplemental petition and the answer of the insurance company, the court found for the plaintiff.

The defendant insurance company by its appeal seeks to reverse the said judgment, alleging:

(1) that such judgment is contrary to law, and

(2) that such judgment is manifestly against the weight of the evidence.

The policy of insurance issued by the defendant insurance company under the heading "Conditions applicable to all Coverages" provides in part:

"Paragraph 3. Notice of Accident, Claims, Loss or Suit:

"Upon the occurrence of an accident, or in the event of loss covered hereunder, written notice shall be given by or on behalf of the insured to the Company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the accident or loss, including the time, place, circumstances, names and addresses of the injured and of available witnesses. The insured shall also give immediate notice of any theft, robbery, or pilferage to the proper authorities. If claim is made or suit is brought against the insured, the insured shall immediately forward to the Company every demand, notice, summons or other process received by him or his representative."

The right to include such a provision in a policy of insurance issued under the provisions of the Financial Responsibility Act is provided for in the Act by §6298-7 GC which provides in part as follows:

"(b). The policy, the written application therefor, if any, and any rider or endorsement, which shall not conflict with the provisions of this act, shall constitute the entire contract between the parties.

"Provided, however, that any such liability insurance policy may contain reasonable provisions requiring the insured to notify the insurer in writing of any accident involving the

motor vehicle described therein, and to forward to such insurer and the registrar of motor vehicles every notice, summons or court process or copy thereof served upon the insured in any litigation arising out of any such accident, which said provision shall be subject to the approval of the registrar of motor vehicles. Said provisions shall be valid and binding upon all parties claiming the benefits of said policy but any person sustaining an injury to his person or property by reason of the use, ownership, maintenance or operation of a motor vehicle described in such policy may, within a reasonable time after the happening of the accident causing such injury or damage, notify by registered mail such insurer of such accident, giving the date of such accident, the damage or injury claimed, the name of the owner of such motor vehicle or its registered license number and may also, not less than fifteen days before judgment is taken in any suit filed by him against the insured on account of such accident, notify by registered mail the insurer of the pendency of said action, giving the name of the parties thereto and the court in which such action is pending. The giving of such notice, or notices, shall have the same effect as if given by such insured and shall be deemed a full compliance by the insured of the provisions of the policy respecting such notice."

It is the claim of the plaintiff that an insurance company that has issued a policy of insurance under the Financial Responsibility Act can be held liable for a judgment against its insured without notice of the pendency of the action. Such claim is contrary to the provisions of §6298-79 GC, supra.

The act provides a means whereby the plaintiff can make sure that the insurance company's obligation under the policy will be made available for the payment of any judgment within the limits of the policy. This is accomplished by giving the claimant power to give notice of the action to the insurance company by registered mail not less than fifteen days before judgment, giving the names of the parties and the court in which the action is pending. When, after negotiations with the insurer of one against whom a claim for damages is made because of the assured's alleged negligence, settlement of the claim is not effected and thereafter the claimant files suit and service is had on the defendant who defaults in filing an answer, such circumstances would at least point toward the fact that the insurer had not been notified of the pendency of the action and the only safe course to follow would be to give notice as provided by §6298-7 GC, supra.

The right of an injured party to subject the proceeds of ▮ an insurance policy to the payment of a judgment procurred by him against the insured because of damages sustained by the negligence of the insured against which the insurer agreed by its insurance contract to protect the insured, is by virtue of §9510-4 GC.

**Sec. 9510-4 GC** provides:

"Upon the recovery of a final judgment against any firm, person or corporation by any person, including administrators and executors, for loss or damage on account of bodily injury or death, for loss or damage to tangible or intangible property of any person, firm or corporation, for loss or damage on account of loss or damage to tangible or intangible property of any person, firm or corporation, for loss or damage to a person on account of bodily injury to his wife, minor child or children if the defendant in such action was insured against loss or damage at the time when the rights of action arose, the judgment creditor or his successor in interest shall be entitled to have the insurance money provided for in the contract of insurance between the insurance company and the defendant applied to the satisfaction of the judgment and if the judgment is not satisfied within thirty days after the date when it is rendered, the judgment creditor or his successor in interest to reach and apply the insurance money to the satisfaction of the judgment, may file in the action in which said judgment was rendered, a supplemental petition wherein the insurer is made new party defendant in said action and whereon service of summons upon the insurer shall be made and returned as in the commencement of an action at law. Thereafter the action shall proceed as to the insurer as in an original action at law."

The ability of the insurer to claim the benefit of the provisions of its contract for notice required to be given of the happening of an accident coming within the coverage of the policy as against the claims of an injured party seeking to subject the proceeds of the policy in payment of a judgment obtained by him against the insured under the provisions of §9510-4 GC was decided in the case of **Stacey v Fidelity & Casualty Co., 114 Oh St 633.** The third paragraph of the syllabus provides:

"By the provisions of §9510-4 GC a judgment creditor is entitled to a direct action against the insurance company after obtaining a judgment against the assured and after the

lapse of 30 days after judgment is rendered, provided that any valid conditions in the contract of insurance pertaining to notice of accident or of a claim being made on account of such accident, or of suit being brought against the assured on account of casualties coming within the terms of said policy, which would be binding upon the assured are likewise binding upon such judgment creditor."

See also: **Hartford Accident & Indem. Co. v Randall, 125 Oh St 581 at page 587.**

The fact that the policy which is here under consideration was issued by the defendant, The Pioneer Mutual Casualty Company so that the assured could comply with the Financial Responsibility Act does not deprive it of the right to the benefit of the requirement of notice as provided in the policy.

There remains to consider the question of who has the burden of establishing notice, or the lack of it, where the injured party seeks to subject the contract of insurance between the insurer and the insured to his benefit. The legal theory upon which the right to seek the benefit of the contract of insurance between the insurer and the insured for the injured party is that such contract is one that was made for his benefit. He therefore has the burden of establishing performance and compliance with all of the provisions of the contract that are precedent to his right to recover.

In the case of **State Auto Mutual Insurance Association v Friedman, 34 Oh Ap 551,** it was held in paragraphs 4 and 5 of the syllabus as follows:

"4. In an action against liability insurer on judgment against insured, it must be shown that condition in insurance contract of notice of accident in suit brought against insured was complied with.

"5. Conditions precedent must be proved by plaintiff who seeks to recover on insurance policy but not conditions subsequent."

An examination of the record in the case now before us discloses that the plaintiff failed completely to introduce any evidence to establish that the defendant, The Pioneer Mutual Casualty Company was notified either by the assured, Anton Bostjancic, or the plaintiff, of the fact that suit had been filed and therefore, upon the conclusion of the plaintiff's case the court should have granted the defendant's, The Pioneer Mutual Casualty Company, motion for judgment at that stage of the proceedings and the court committed prejudicial error against the rights of the defendant in overruling such motion.

However, the defendant, The Pioneer Mutual Casualty Company then proceeded and by credible evidence which was not disputed, or rebutted by the plaintiff, conclusively established that no notice of the filing of said suit was given such defendant insurance company by the insured, or by the plaintiff, within 15 days of the judgment. As a matter of law, therefore, the defendant, The Pioneer Mutual Casualty Company was entitled to judgment upon the record.

The judgment for the plaintiff is therefore reversed and final judgment entered for the defendant appellant, The Pioneer Mutual Casualty Company.

HURD, PJ, and MORGAN, J, concur.