Vivian Fogelmark, Executrix of the Estate of Charles H. Fogelmark, Deceased, Plaintiff-Appellant, v. Western Casualty & Surety Co., Defendant-Appellee.

Gen. No. 10,954.

Second District.

November 5, 1956.

Released for publication November 23, 1956.

Louis F. Knoblock, of Peoria, for appellant.

Galbraith & Baymiller, of Peoria, for appellee.

PRESIDING JUSTICE EOVALDI delivered the opinion of the court.

This is an action at law brought by plaintiff to recover funeral expenses, within a policy limitation of one thousand ($1,000) dollars, under the "Medical Payments" clause of an automobile insurance policy issued by the defendant to plaintiff's testate. On motion of defendant, supported by affidavit, the circuit court of Peoria County entered a Summary Judgment for defendant from which this appeal is taken.

The pleadings upon which the cause was determined consisted of the complaint, with a copy of the insurance policy appended; Answer of defendant; Defendant's Motion for Summary Judgment, together with supporting affidavit; and affidavit of plaintiff in Opposition to Motion for Summary Judgment.

The plaintiff's theory of the case is that the terms of the policy do not exclude defendant from liability for the reasonable funeral expenses of the deceased insured and that the trial court erred in construing the policy so as to deny plaintiff recovery for her loss.

It is defendant's theory that the policy in question is clear and unambiguous; that plaintiff's claim for funeral expenses is clearly and specifically excluded by reason of payments to her under the Workmen's Compensation Law; and that the trial court committed no error in so finding.

The uncontroverted facts established by the pleadings upon which the Summary Judgment appealed from was based, show that on March 18, 1949 defendant executed and delivered to Charles H. Fogelmark a standard combined automobile insurance policy, the effective period of which was April 10, 1949 to April 10, 1950. One coverage declared by the policy was "C—Medical Payments," for which the company's liability was limited to "$1,000.00 each person."

In Paragraph I of the section of the policy entitled "Insuring Agreements," the company's liability under Coverage C was agreed upon as follows:

"Coverage C—Medical Payments.

"To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, ambulance, hospital, professional nursing and *funeral services,* to or for each person who sustains bodily injury, sickness or disease, caused by accident, while in or upon, entering or alighting from the automobile if the automobile is being used by the named insured or with his permission." (Italics ours.)

Another section of the policy, however, contains certain exclusions from the insuring agreements, one of which is as follows:

"This policy does not apply:

. . . . . .

553

"(g) Under Coverage C to bodily injury to or sickness, disease or death of any person if benefits therefor are payable under any workmen's compensation law."

On March 18, 1950, during the effective period of said policy, the insured, Charles H. Fogelmark, was killed in an accident while riding in the automobile insured by the said policy. At the time of his death he was an employee of the West Disinfecting Company of Chicago and as such was under and subject to the provisions of the Workmen's Compensation Laws of Illinois. Subsequently, West Disinfecting Company paid to plaintiff, as the surviving widow of the deceased insured, the compensation due her for the fatal injury of the deceased insured under the provisions of the said compensation laws.

After the death of Charles H. Fogelmark, and on August 9, 1950, plaintiff, Vivian Fogelmark, became the duly qualified and acting Executrix of the decedent's estate. On August 24, 1951, after the defendant insurance company had refused to pay reasonable expense for funeral services, plaintiff commenced this action at law for their recovery in the amount of $1,000. In raising the issue of its liability under the facts and terms of the policy, by motion for Summary Judgment, the defendant insurance company adopted the theory that because benefits resulting from the death of Charles H. Fogelmark were payable and paid under the Workmen's Compensation Law of the State of Illinois, Coverage C of the policy was, by the terms of paragraph (g) of the exclusions, excluded from the application of the policy.

The trial court ordered that defendant have judgment in bar of plaintiff's cause of action, and that plaintiff take nothing by her suit and pay the costs of the proceeding.

In view of the factual circumstance that the plaintiff, as widow of the deceased insured, was paid death

554

benefits under Illinois Workmen's Compensation Laws, the sole issue presented by this appeal is the construction to be given to the interrelated insuring and exclusionary clauses pertaining to "Coverage C," the medical payments coverage. No decision has been cited, either in this or in other jurisdictions, where the agreement to pay funeral expenses has been construed with reference to workmen's compensation exclusions.

■■■■ The principles governing the construction of insurance policies have been long established through the opinions of the courts of review of this jurisdiction, and they may be applied to resolve the problem at hand. In the recent case of Canadian Radium & Uranium Corp. v. Indemnity Ins. Co. of North America, 411 Ill. 325, at 332, the court said:

"The construction to be given insurance contracts, like other contracts, should be a natural and reasonable one. . . . If the language is clear, the terms are to be taken and understood according to their plain, ordinary and popular sense. . . . But because the insurer is the one who prepares the contract, ambiguous or equivocal expressions whereby the insurer seeks to limit its liability will be construed most strongly against the insurer."

In the recent case of Wolf v. American Casualty Co. of Reading, Pa., 2 Ill.App.2d 124, where a different facet of the insuring clause here involved was under consideration, the court, at pp. 125–126, said:

"Plaintiff argues that the clause of the policy involved is ambiguous and should be construed most strongly against the insurance company. . . . The rule relating to the construction of insurance policies has been stated often. It is summarized in Mosby v. Mutual Life Ins. Co. of New York, 405 Ill. 599, 92 N.E.2d 103, as follows: 'Ambiguous provisions or equivocal expressions whereby an insurer seeks to limit its liability will be construed most strongly against the insurer and liberally in favor of the insured. Len-

kutis v. N. Y. Life Ins. Co., 374 Ill. 136, 28 N.E.2d 86.'
This is a sound rule. It recognizes the realities of the
transaction, that is, that the provisions of an insur-
ance policy are not the product of negotiations between
insurer and insured but are written by the insurance
company and out of necessity, perhaps, submitted for
acceptance without change."

In Feigenbaum v. Aetna Casualty and Surety Co., 240
Ill. App. 502, at page 507, the court had this to say:

"In construing a policy of insurance, the court should
consider the instrument as a whole, and endeavor to
ascertain the intention of the parties from the written
words used, taking into account the situation of the
parties, the nature of the subject matter with which
they are dealing, and the purpose which the parties
sought to accomplish. . . . It is well settled: 'Poli-
cies of insurance should be liberally construed in favor
of the insured so as not to defeat, without a plain
necessity, his claim for indemnity, which, in taking
the insurance, it was his object to secure'. . . .
'Where there is ambiguity in contracts of insurance;
or where the meaning is uncertain, the construction
should be most strictly against the Insurance Com-
pany, for the obvious reason, that insurance contracts
are prepared by the insurer, and ambiguous words or
terms will therefore be construed against the insurer.' "

■ The theory of defendant's Motion for Sum-
mary Judgment in the lower court was that because
workmen's compensation benefits had been paid as a
result of the death of the insured, Coverage C was
completely excluded from the policy. Such a position
ignores the express language of the clauses involved.
As was most recently stated in Scapes v. Orr, 2 Ill.
App.2d 363, at 368: "The provisions of an insurance
policy, like those of any other contract, are to be con-
strued together." In the instant case, the defendant
agreed by Coverage C to pay all reasonable expenses

556

"for necessary medical, surgical, ambulance, hospital, professional nursing and funeral services, to or for each person who sustains bodily injury, sickness or disease caused by accident." Exclusion (g) provides that the policy does not apply under Coverage C "to bodily injury to or sickness, disease or death of any person if benefits therefor are payable under any workmen's compensation law." Reading the two clauses together, it is apparent that the defendant company has stated only that it will not pay reasonable expense for medical, surgical, ambulance, hospital, professional nursing and funeral services occasioned by bodily injury, sickness or disease of its insured, caused by accident, if benefits or compensation for such items of coverage are payable under any workmen's compensation law. The obvious purpose is, of course, to prevent dual recovery for the same items of medical and hospital expense resulting from a single accident.

The Illinois Workmen's Compensation Act, by the terms of Exclusion (g), has been incorporated into the policy. Both on the date the contract of insurance was entered into and on the date the insured met his death, Section 8 (a) of the Illinois Act (Ill. Rev. Stat., 1949, chap. 48, par. 145 (a)) provided that, in case of a nonfatal accident, compensation should be paid an employee for accidental injury as follows:

"(a) The employer shall provide the necessary first aid medical and surgical services, and all necessary medical, surgical and hospital services thereafter, limited, however, to that which is reasonably required to cure or relieve from the effects of the accidental injury. . . ."

By the terms of this Section, therefore, an injured employee who was also an insured of the defendant could recover compensation, (or benefits as defendant's policy describes it), for all the items of coverage

agreed upon in Coverage C of the said policy except for funeral expenses, which, of course, would not result from a non-fatal accident. Had the plaintiff or her testate been paid compensation under the provisions of Section 8 (a) as a result of his accident, it is apparent that the terms of Exclusion (g) would preclude further recovery for the medical, surgical, and hospital expenses, enumerated in Coverage C, which arose out of the accident for which compensation was paid. There were, however, no benefits paid as a result of the insured's accident under this Section of the Workmen's Compensation Act and there remains only the question of whether benefits or compensation for the funeral services of Charles H. Fogelmark, as a deceased employee, were in fact payable or paid under the Workmen's Compensation Act.

The compensation which is to be paid to the widow of an employee whose accidental injury results in death is controlled by Section 7 (a) of the Act (Ill. Rev. Stat. 1949, chap. 48, par. 144 (a)). It was under this section, then, that plaintiff, the widow of the insured, received the benefits to which defendant refers in its affidavit given in support of the Motion for Summary Judgment. Insofar as pertinent, the provisions of Section 7 (a) are as follows:

"7. The amount of compensation which shall be paid for an accidental injury to the employee resulting in death shall be:

. . . . .

"(a) If the employee leaves any widow, child or children whom he was under legal obligations to support at the time of his accident, a sum equal to four times the average annual earnings of the employee, but not less in any event than two thousand five hundred dollars and not more in any event than four thousand dollars.

. . . . .

"Any compensation payments other than necessary medical, surgical or hospital fees or services shall be deducted in ascertaining the amount payable on death."

There is nothing in the language of the foregoing section which provides that compensation shall be payable for the funeral services of a deceased employee. While it is true that the Act makes provision for the payment of five hundred dollars for burial expenses under pp. 144, 7 (e), this benefit does not apply here because that sub-paragraph of the statute specifically limits burial expenses to cases where no amount is payable under par. 7 (a) (b) (c) or (d). No provision in any other section of the Act for the payment of funeral benefits to the widow of a deceased employee has been cited by either party. Defendant takes the position that if a benefit of any nature is paid under a workmen's compensation law, it is relieved of any and all liability under Coverage C. Such a result can be reached only by isolating the language of the exclusionary clause from that of the insuring clause. The settled rule of construction, is, however, that all clauses of an insurance policy must be read together. In the case of Welborn v. Illinois Nat. Casualty Co., 347 Ill. App. 65, the court was called upon to construe a general exclusion provision which appeared to be in direct conflict with the agreed coverages and, in finding for the insured, applied the rule stated as follows, p. 68.

"Second, the same authorities, and many others, assert the general contract rule of construction that the court should determine the intention from the whole agreement, and endeavor to give a meaning to all provisions, so far as possible, which will render them consistent and operative."

Reading Coverage C and Exclusion (g) of the present policy together, it is manifest that by the

former the company agreed to pay reasonable expenses for necessary medical, surgical, ambulance, hospital, professional nursing and funeral services, and that by the exclusion, if any of the items of expense so listed were payable under any workmen's compensation law, Coverage C would not apply as to such items. Benefits for funeral expenses were neither payable nor paid under the Illinois compensation law. The agreement of the defendant to pay reasonable funeral expenses thus remained operative. Such a construction gives sensible meaning to both provisions of the policy, i. e., by the insuring clause the insured is protected against medical expenses expected to attend accidental injury or death; by the exclusionary clause the company is protected from liability for such items of the agreed coverage as may be recovered by the insured under workmen's compensation laws.

Ambiguous provisions or equivocal expressions in an insurance policy, whereby an insurer seeks to limit its liability, will be construed most strongly against the insurer and liberally in favor of the insured. Mosby v. Mutual Life Ins. Co. of N. Y., 405 Ill. 599; Lentin v. Continental Assur. Co., 412 Ill. 158. In the early case of Travelers' Ins. Co. v. Dunlap, 160 Ill. 642, at 647, the court said:

"It would not be difficult for the insurer to use language which, in respect to the question here under consideration, would be free from doubt. A policy of insurance should not be so framed as to be susceptible of one construction in the hands of the soliciting agent, and of quite a different one in the hands of the adjuster."

In Lenkutis v. N. Y. Life Ins. Co., 374 Ill. 136, at 145, the court quotes the following with approval:

" 'Contracts of insurance should not be construed through the magnifying eye of a technical lawyer, but rather from the standpoint of what an ordinary man

would believe the contract to mean. The insurance company wrote this contract.'"

For the error of the trial court in entering judgment in favor of defendant, the judgment is reversed and the cause remanded for a new trial with directions to proceed to a determination of the amount of funeral expenses reasonably expended on behalf of the insured.

Reversed and remanded with directions.

DOVE, P. J. and CROW, J., concur.