**Fred O. GROTH, Plaintiff-Appellant,**

v.

**STANDARD ACCIDENT INSURANCE COMPANY, Defendant-Appellee.**

**No. 12521.**

United States Court of Appeals Seventh Circuit.

May 18, 1959.

Rehearing Denied July 6, 1959.

1. United States v. United Mine Workers, 1947, 330 U.S. 258, 308–310, 67 S.Ct. 677, 703, 91 L.Ed. 884.

2. 330 U.S. 258, 293, 67 S.Ct. 677 695, 91 L.Ed. 884.

Tom L. Yates and Donald H. Haider, Chicago, Ill., Yates, Fisk & Haider, Chicago, Ill., of counsel, for appellant.

Jerome M. Brooks, Brooks & Gordon, Chicago, Ill., for appellee.

Before DUFFY, Chief Judge, and PARKINSON and KNOCH, Circuit Judges.

PARKINSON, Circuit Judge.

The District Court dismissed plaintiff's complaint on defendant's motion grounded on the premise that it appears on the face of the complaint that 1) "the plaintiff has failed to comply with conditions 7 and 9 of the contract" in suit and 2) "there has been prior adjudication in a Court of the State of Illinois that the plaintiff was in fact served with process, and the plaintiff is estopped" thereby. This appeal by the plaintiff followed.

The complaint alleges in substance relevant here that on October 29, 1953 one Nova Pyle sustained personal injuries on premises where the plaintiff had constructed a model home against which liability the plaintiff was protected under a policy of insurance issued by the defendant insurance company; that plaintiff made timely report of the accident to the defendant and defendant negotiated with Miss Pyle to settle her claim; that plaintiff heard nothing further in connection with the claim until February 15, 1956 when he was served with an execution on a $18,500 default judgment rendered against him in favor of Miss Pyle in the Circuit Court of Cook County, Illinois on December 16, 1955.

The complaint further alleges that plaintiff immediately gave notice to the defendant of the execution, which was the first and only notice received by the plaintiff of the suit; that the defendant refused to accept defense of the action and plaintiff employed counsel and on

February 26, 1956, contending he had never been served with summons, filed petition to vacate the default judgment; that, after hearing by the Cook County Circuit Court, the judgment was vacated whereupon the defendant, under a non-waiver agreement, undertook the defense of plaintiff; that on August 28, 1956, when Miss Pyle appealed to the Appellate Court of Illinois, the defendant withdrew its defense of the plaintiff; that the Appellate Court of Illinois reversed the order of the Cook County Circuit Court vacating the default judgment and the Supreme Court of Illinois denied plaintiff's petition for leave to appeal whereby the default judgment has become final. This action on the policy ensued.

Defendant contends that plaintiff's failure, for any reason, to notify it of the summons in the Pyle suit absolved it from any and all liability under its insurance contract and that plaintiff is estopped from now contending that he did not receive the summons by virtue of the decision of the Illinois Appellate Court.

Broadly speaking the issue here is whether or not the complaint states a claim upon which relief can be granted. Resolution of that issue depends wholly upon the determination of two factors. Whether as a matter of law the defendant is liable under the insurance contract even though it had no notice of the summons when, if in fact, plaintiff himself received none, and, if so, whether the decision of the Illinois Appellate Court estops plaintiff from pleading that he received no summons and having that question determined as a matter of fact upon a trial of the case at bar.

 The defendant cites cases holding that the conditions contained in an insurance contract are binding upon the insured and that a failure of the insured to comply therewith bars his recovery. We agree. Hawkeye-Security Ins. Co. v. Myers, 7 Cir., 1954, 210 F.2d 890; Stollery Bros., Inc. v. Inter-Insurance Exchange, 1957, 15 Ill.App.2d 179, 145 N.E.2d 768. However, where there is no breach there is no bar to recovery.

The defendant contends that plaintiff has failed to comply with condition 7 of the policy which reads as follows:

"7—Notice of Claim or Suit ＊ ＊

"If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process *received by him or his representative.*" (Our emphasis.)

Condition 9 of the policy, which reads in part as follows:

"9—Action against Company ＊ ＊

"No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy ＊ ＊ ＊",

provides the penalty for failure to comply with, among others, condition 7.

We agree with defendant that if there has been a breach by plaintiff it is of condition 7, no other is here applicable.

 It is the law in Illinois, which here applies, that where any uncertainty exists insurance policies are to be construed strictly against the insurer and liberally in favor of the insured, Mosby v. Mutual Life Ins. Co. of N. Y., 1950, 405 Ill. 599, 607, 92 N.E.2d 103, 18 A.L.R.2d 1054; Fogelmark v. Western Casualty & Surety Co., 1956, 11 Ill.App. 2d 551, 556, 137 N.E.2d 879, and a forfeiture will be avoided, if possible. Mack v. Liverpool & London & Globe Ins. Co., 1928, 329 Ill. 158, 163, 160 N.E. 222, 57 A.L.R. 1039.

█ Actually condition 7 is not ambiguous but to the contrary appears to be concise and given to clear and definite understanding. It makes, as an absolute prerequisite to liability, the receipt by the defendant of any summons "received by [the insured] or his representative". We can only create uncertainty by attempting to eviscerate the phrase modifying the word "summons." We would have no justification for so doing. The fact that the defendant had no chance to defend this action and thereby protect its own interests matters not one iota. De-

fendant wrote the contract. If it chose to demand as a condition precedent only those notices received by the plaintiff rather than make the demand absolute, independent of any notice to the plaintiff, that was a matter of contract. However, having made the decision defendant can not repudiate it now. The fact that this perhaps works a hardship upon it, although no more so than to hold otherwise would upon the plaintiff, and the fact that it simply did not foresee or could not foresee such an eventuality as plaintiff pleads does not entitle defendant to shift the burden to the plaintiff who merely accepted the contract exactly as the defendant wrote it.

The defendant cites several cases wherein the failure to forward the proper notices to the insurer resulted in abrogation of the contract.

The first is Gergely v. Pioneer Mut. Casualty Co., Court of Appeals, Ohio, 1947, 74 N.E.2d 432. In that case the insured was in jail when he was served with a summons at his usual place of residence. Not only was his failure to receive the summons so that he could forward it to the insurer the direct result of his own action but the insured's judgment creditor was denied recovery from the insurance company because she failed to give notice of the action as provided by an Ohio statute. This case is clearly distinguishable and is no authority in support of defendant.

The cases of Navigazione Alta Italia v. Columbia Casualty Company, 5 Cir., 1958, 256 F.2d 26; Campbell v. Continental Casualty Co. of Chicago, 8 Cir., 1948, 170 F.2d 669 and M. F. A. Mutual Insurance Company v. Mullin, D.C.W.D. Ark.1957, 156 F.Supp. 445, all deal with instances where the insured, either through error or ignorance, failed to forward summons to the insurer after service on and receipt by the insured and, in the case of Tennant v. Farm Bureau Mutual Automobile Ins. Co., 286 App. Div. 117, 141 N.Y.S.2d 449, where the summons and copy of the complaint was received by the insured's wife. These, of course, are not analogous.

Therefore, unless plaintiff actually did receive the summons his failure to forward it to the defendant does not, as a matter of law, defeat the latter's liability.

This brings us to the second question. Does the decision of the Illinois Appellate Court estop plaintiff from pleading that he received no summons and having that question determined as a matter of fact upon trial?

■ The doctrine of *res judicata* or estoppel by judgment is conditioned upon an identity of parties, subject matter and cause of action; City of Chicago v. Partridge, 1911, 248 Ill. 442, 447, 94 N.E. 115; Ropacki v. Ropacki, 1933, 354 Ill. 502, 506–507, 188 N.E. 400; Boddiker v. McPartlin, 1942, 379 Ill. 567, 577, 41 N.E.2d 756; and before there can be a collateral estoppel, as contended for by the defendant, the prior suit must have been between the same parties or their privies. The two cases of Cohen v. Schlossberg, 1958, 17 Ill.App.2d 320, 150 N.E.2d 218, and Bentley v. Teton, 1958, 19 Ill.App.2d 284, 153 N.E.2d 495, cited by the defendant in support of its contention of collateral estoppel, both so hold.

Despite the argument of plaintiff, a relevant issue in the cause of action in the Illinois Appellate Court and the District Court below, i. e., the question of the receipt by plaintiff of the summons, is the same.

■ As to the identity of the parties, the defendant was not a party to the prior action. Was it privy to either party? It was not in privity with Miss Pyle for then it would be placed in the position of aiding a complainant against its own insured in an action between the two. Apart from the ethical question involved it would be difficult for defendant to establish any privity with Miss Pyle. As to plaintiff the defendant is on even more tenuous ground. Not only did it specifically refuse to aid plaintiff in his attempt to have the judgment vacated but its best interests were apparently thought to be served by plaintiff's failure to succeed.

We do not say the defendant did anything unethical but we do hold it can not claim privity with either party. It gave no aid or assistance to anyone. It refused one and could not rightfully help the other.

Hence in this action the factual question as to whether plaintiff did or did not receive the summons is a proper issue for determination in the District Court in the case at bar and the complaint does state a claim upon which relief can be granted.

Judgment reversed and cause remanded with instructions to deny defendant's motion to dismiss, and for further proceedings not inconsistent with this opinion.