Lydia M. HUSE, Appellant,

v.

FIDELITY INTERSTATE LIFE INSURANCE COMPANY, Appellee.

No. 5486.

Court of Civil Appeals of Texas, Eastland.

Aug. 7, 1980.

Richard D. Coan, Coan & Terrill, Stephenville, Jim Mulloy, Harbin & Mulloy, Dublin, for appellant.

Gary W. Maxfield, Elliott, Churchill, Hansen, Dyess & Maxfield, Dallas, for appellee.

DICKENSON, Justice.

Lydia M. Huse, named beneficiary under a policy issued by Fidelity Interstate Life

Insurance Company, sued for accidental death benefits after the named insured, T. L. Gaines, died. Benefits had been denied because of the policy's Worker's Compensation exclusion. The case was submitted to the trial court as an "agreed case" under Tex.R.Civ.P. 263, and judgment was rendered for the company. The beneficiary appeals. We affirm.

The issue on appeal is whether the exclusion[1] is valid and enforceable as to the named beneficiary. She received no worker's compensation benefits, but such benefits are being paid to the named insured's minor daughter. We hold the exclusion valid.

The agreed facts are: Fidelity Interstate issued its accidental injury policy to T. L. Gaines in 1973 for a premium of $5.00 per month; the policy was in full force and effect on May 8, 1978, when T. L. Gaines was fatally injured in an automobile accident while discharging the duties of his employment; Lydia M. Huse (surviving sister of T. L. Gaines) was the named beneficiary under the policy; worker's compensation benefits are being paid to the minor daughter of T. L. Gaines; timely demand has been made; and all required proofs of loss have been furnished. The benefits under the policy for an accidental death, unless excluded from coverage, were the face amount of $20,000 plus a 10% increase of benefits after the policy was in effect for one year. The beneficiary also sought the statutory 12% penalty for delay in payment plus attorney's fees.

The beneficiary has briefed one point of error, arguing that the trial court erred in rendering the take–nothing judgment because worker's compensation benefits would never be payable to the named beneficiary. This point is overruled.

The beneficiary cites *Westchester Fire Insurance Company v. Tucker*, 512 S.W.2d 679 (Tex.1974); *American Liberty Insurance Company v. Ranzau*, 481 S.W.2d 793 (Tex.1972); and *Fidelity & Casualty Company of New York v. McMahon*, 487 S.W.2d 371 (Tex.Civ.App.—Beaumont 1972, writ ref'd n. r. e.).[2] These cases dealt with the statutory requirements as to "uninsured motorist" coverage in automobile insurance policies under Tex.Ins.Code Ann. art. 5.06–1 (Vernon Pamphlet Supp. 1963–1979). They hold that a policy provision which reduces the uninsured motorist coverage "is ineffective to the extent that it reduces the uninsured motorist protection below the minimum limits required by Art. 5.06–1." In this case, there is no statute prohibiting the exclusion, and the parties are free to contract for an accidental injury policy which excludes coverage for accidents, fatal or nonfatal, caused by an injury for which worker's compensation benefits are payable.

*Metropolitan Life Ins. Co. v. Wilson*, 102 S.W.2d 454 (Tex.Civ.App.—Beaumont 1937, no writ), dealing with a similar problem, said:

1. The company pleaded the policy exclusion which reads in pertinent part as follows:
   This policy does not cover any accident or loss, fatal or non–fatal, caused by or resulting from . . . injury for which compensation is payable under any Workmen's Compensation Law.

2. The beneficiary also cites *Hunt v. Hospital Service Plan of New Jersey*, 33 N.J. 98, 162 A.2d 561, 81 A.L.R.2d 919 (1960); *Fogelmark v. Western Casualty & Surety Company*, 11 Ill. App.2d 551, 137 N.E.2d 879 (1956); and *Pitts v. Glens Falls Indemnity Co.*, 222 S.C. 133, 72 S.E.2d 174 (1952). While the *Hunt* case states that exclusionary "clauses of the character involved here are designed to avoid double payment," it actually held that certain bills were not "qualified for payment under the workmen's compensation law" and, consequently, the exclusion in that policy was not applicable.

The *Fogelmark* case held that where the insurance company agreed to pay "reasonable expenses for necessary medical, surgical, ambulance, hospital, professional nursing and *funeral services*" subject to the exclusion that "if any of the items of expense so listed were payable under any workmen's compensation law," that the coverage would not apply to such items—since benefits for funeral expenses were not payable under the Illinois compensation law, the policy agreement to pay reasonable expenses remained operative. The *Pitts* case held that funeral expenses in excess of the worker's compensation funeral benefits were covered by an automobile insurance policy which provided medical payments, including funeral services, subject to the exclusion of coverage "if benefits therefor are payable under the workmen's compensation law."

Except where prohibited by law, parties to an insurance contract have the same freedom of contract as parties entering into any other form of agreement. They may contract as to the extent and the limitations of the coverage .... Here the parties contracted for insurance coverage for disabilities resulting from nonoccupational causes. This they had the right to do, and the courts cannot add additional liabilities by reading into the contract provisions which the parties did not put there.

It follows from what we have said that the excepting clause in the policy sued upon was valid and that the claim here sued upon falls clearly within such exception.

Accord, see *Aetna Life Insurance Company v. Woods,* 449 S.W.2d 86 (Tex.Civ.App.—Fort Worth 1969, writ ref'd n. r. e.); *Olivier v. Life and Casualty Insurance Company of Tennessee,* 440 S.W.2d 398 (Tex.Civ.App.—Beaumont 1969, writ ref'd n. r. e.); *Employers Casualty Company v. Patterson,* 344 S.W.2d 199 (Tex.Civ.App.—Amarillo 1961, writ dism'd). See also 40 A.L.R.3d 1012 (1971).

The judgment is affirmed.