Freeport Motor Casualty Company, Appellee, v. Hubert Tharp, Mildred Tharp and Charles W. Wright, Appellants.

**Term No. 49M5.**

594

Opinion filed October 26, 1949. Released for publication November 21, 1949.

E. HAROLD WINELAND, of Flora, for appellants.

BURRELL & BURRELL, of Freeport, and TAYLOR & ANDERSON, of Effingham, for appellee.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from a decree of the circuit court of Clay county in an action instituted by appellee, Freeport Motor Casualty Company (hereinafter called plaintiff), under the provisions of the Declaratory Judgment Act of this State (Ill. Rev. Stat. 1947, ch. 110, par. 181.1 [Jones Ill. Stats. Ann. 104.057(1)]).

A declaratory judgment was sought to affirm the plaintiff's construction of an insurance policy previously issued to Charles W. Wright, who entered his appearance in the court below, but did not contest the suit. The other appellants, Hubert Tharp and Mildred Tharp, husband and wife, were involved in a collision between the car driven by Charles W. Wright and defendant, Hubert Tharp. The Tharps had instituted an action against defendant Wright in the circuit court of Crawford county, to recover damages resulting from the collision. Two weeks after that suit was instituted the present action under the Declaratory Judgment Act was filed by the plaintiff insurance company. In the complaint the plaintiff asked that the court declare the rights of the parties and construe the policy so as to declare that the liability of the insurance company under the policy, ceased at the time when Charles W. Wright, the insured, ceased to be the owner of an automobile or other motor vehicle. The defendants Tharp answered that, by the terms of the insuring agreement, the policy should be construed so as to impose liability upon the plaintiff company, even though the defendant Wright had disposed of his automobile. The facts are not in dispute.

The plaintiff insurance company issued a policy to the defendant, Charles W. Wright, on May 30, 1946, describing a certain automobile, which was amended to describe a certain Ford sedan. The term of the policy was for one year, to expire on May 30, 1947. In the month of November 1946, the defendant Wright sold the automobile described in the indorsement of the policy for junk because the car had gotten to the stage where it would not run. After the car was sold the defendant owned no automobile. At the time of the collision in question the defendant Wright was driving an automobile that belonged to his brother-in-law. The policy under consideration provided only for bodily in-

jury and property damage liability, and a limited amount for medical payments.

It was disclosed on the trial of the cause that the plaintiff company, as well as other companies, issued two general types of policies, one which covers an insured who owned a motor vehicle; and the other, which covered an insured who did not own a motor vehicle. The rate in the latter case for one who did not own a motor vehicle, that is, for so-called "non-ownership policy" would have been substantially in excess of the rate covering one who owns an automobile, and no medical payment coverage was generally allowed in connection with the so-called "non-ownership policy." In the policy under consideration, in paragraph V of the insurance agreements it is provided, "Such insurance as is afforded by this policy for bodily injury liability and for property damages liability with respect to the automobile classified as 'pleasure and business' applies (1) to the named insured, if an individual, and the owner of such automobile . . . with respect to the use of any other automobile by or in behalf of such named insured." In paragraph VI of the policy appears the language, under the designation "Temporary use of Substitute Automobile" the following: "While an automobile owned in full or in part by the named insured is withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction, such insurance as is afforded by this policy for bodily injury liability, for property damage liability and for medical payments with respect to such automobile applies with respect to another automobile not so owned while temporarily used as the substitute for such automobile." The policy contained no specific provisions as to forfeiture in the event the insured sold or disposed of the automobile described in the policy. There were numerous references to the described automobile in other portions of the policy. The question for deter-

mination is whether the failure of the insured to own an automobile at the time of the accident made the coverage referred to under the policy inapplicable when the insured was thereafter driving another automobile.

■ ■ The courts of this State have clearly established that insurance policies are to be construed strictly against the insurer and liberally in favor of the insured (*Budelman v. American Ins. Co.*, 297 Ill. 222; *Sally Chain Stores v. Ace Bonded Carriers, Inc.*, 307 Ill. App. 644). It has, likewise, been determined that the intention of the parties must be ascertained from the words used in the policy if such words are of aid in determining such intention (*Schmidt v. Equitable Life Assur. Soc.*, 282 Ill. 439).

■ Forfeitures of insurance contracts or pursuant thereto are not favored in the law, and unless the right to such forfeiture is clearly shown no forfeiture may be invoked (*Scott v. Inter-Insurance Exchange of Chicago Motor Club*, 352 Ill. 572).

In the policy in the instant case the first four paragraphs refer to "the automobile" and described the automobile referred to. Paragraphs V and VI, however, extend the liability insurance protection to cover the use of other automobiles. The essence of the liability policy is to cover the named insured, or certain other persons (spouse, etc.). We find no precedent for a conclusion that the coverage afforded by the policy was terminated by the sale of the automobile by the insured. In the instant case the automobile which was owned by the insured broke down completely by reason of a crack in the engine block and it was not considered worthwhile to pay the cost of repairs. We find nothing in the language of the policy which terminates the coverage in the event of breakdown of the automobile and of a sale of the automobile by the insured for junk, as happened in the instant case.

■ It is contended by the appellee insurance company that the custom or usage among insurance companies in issuing two distinct types of liability policies, to persons who are not owners of automobiles and to other persons who are owners of automobiles, should be given consideration in determining that there could be no liability coverage after the automobile described in the policy was disposed of. We find no language in the policy which justifies such construction, nor was there any showing that the custom or usage which was referred to was known to the insured, or was so universal and established as to be presumed to be known so as to be binding on the insured (*International Salt Co. v. Tennant,* 144 Ill. App. 30).

■ The provisions of the particular policy under consideration (under sections V and VI of the insuring agreements) obviously were designed to cover liability coverage in the use of other automobiles under certain circumstances. Nothing, either expressly or by implication, requires that the ownership of the particular automobile described in other portions of the policy be retained by the insured. The policy was to cover a one-year-term and was designed to cover the insured during that period of time, even if his automobile was withdrawn from normal use by reason of breakdown. It must be conceded at the very least that the automobile which the insured sold for junk was withdrawn from normal use by reason of the breakdown and that the liability coverage under the terms of the policy was not terminated by any express provisions of the policy, nor by any act of the parties thereto, nor do we see any basis for forfeiture in the language of the policy under consideration. To conclude that the insured was required to retain ownership of the automobile described in the policy before there would be any protection to the insured under its terms, we feel is not justified under the facts and the law.

The judgment of the circuit court of Clay county will, therefore, be reversed, with instructions to enter judgment in accordance with the views set forth in this opinion.

*Reversed and remanded with directions.*

BARDENS, P. J. and SCHEINEMAN, J., concur.