(No. 31167.

WILLIAM E. MOSBY, Appellant, *vs.* MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Appellee.

*Opinion filed March 22, 1950—Rehearing denied May 15, 1950.*

Wilson, J., dissenting.

McKinley & Price, of Chicago, for appellant.

Winston, Strawn, Shaw & Black, of Chicago, (Louis W. Dawson, George B. Christensen, and Neil McKay, of counsel,) for appellee.

Mr. Justice Daily delivered the opinion of the court:

William E. Mosby, plaintiff-appellant, filed suit in the circuit court of Cook County against Mutual Life Insurance Company of New York, defendant-appellee, to recover disability income with interest, alleged to be due him under two policies, from May 10, 1946, to September 17, 1947, the date of his suit. On the pleadings alone, he recovered judgment in the circuit court, which was reversed by the Appellate Court, and we have granted leave to appeal.

The question for decision here is whether, under the terms of the policies, the insured, in the event of total and permanent disability before age of sixty, was required by the terms of the policies to furnish due proof thereof to the company at its home office before he attained the age of sixty years in order to entitle him to recover the disability benefits, or whether the disability, alone, is the condition precedent on which liability of the insurer depends.

The amended complaint as amended alleged the issuance of two insurance policies by the defendant on the life of the plaintiff, each of which also provided for disability

payments. A copy of each policy was attached to, and became a part of, the amended complaint as amended. Policy No. 3396323 dated December 13, 1924, contained the following:

"Benefits in the Event of Total and Permanent Disability Before Age 60.

"When Such Benefits Take Effect.—If the Insured, after payment of premiums for at least one full year, shall, before attaining the age of sixty years and provided all past due premiums have been duly paid and this Policy is in full force and effect, furnish due proof to the Company at its Home Office either (a) that he has become totally and permanently disabled by bodily injury or disease, so that he is, and will be, permanently, continuously and wholly prevented thereby from performing any work for compensation, gain or profit, and from following any gainful occupation, or (b) that he has suffered any of the following 'Specified Disabilities' (which shall be considered total and permanent disabilities hereunder), namely, the entire and irrecoverable loss of the sight of both eyes or the severance of both entire hands or of both entire feet or of one entire hand and one entire foot, the Company, upon receipt and approval of such proof, will grant the following benefits:"

The benefits were then enumerated, one of which is as follows:

"1. WAIVER OF PREMIUM.—The Company will, during the continuance of such disability, waive payment of each premium as it becomes due, commencing with the first premium due after approval of said due proof. Any premium due prior to such approval by the Company must be paid in accordance with the terms of the Policy, but if due after receipt of said due proof, will, if paid, be refunded upon approval of such proof."

The other policy numbered 3993549 and dated June 4, 1928, contained a like provision, and, among other provisions, the following:

"Supplementary Benefits to Section Entitled 'Benefits in Event of Total and Permanent Disability before Age 60'.

"Benefits if Proof Delayed and no Premium in Default.—If, while no premium is in default, the proof furnished the Company under the section providing for 'Benefits in Event of Total and

Permanent Disability before Age 60' is such as to entitle the Insured to the Disability Benefits provided for therein, and if due proof is also furnished the Company that such disability has been continuous since its beginning, the Company will;

"(a) Begin the monthly income payments provided for in such section as of the end of the first completed month of such disability if earlier than the date of receipt of such proof instead of as of the date of receipt of such proof, and,

"(b) Return any premium due after the beginning of such disability which has been paid during the continuance thereof."

In addition each policy contained a provision in substance as follows:

"If the Insured shall be totally disabled as defined in this policy for a continuous period of not less than ninety days, such disability shall, during its further continuance, be presumed to be permanent, * * *."

The amended complaint as amended then alleged that while the policies were in full force and effect plaintiff was, on or about the 10th day of May, 1946, stricken by cerebral hemorrhage and sustained a paralysis upon the left side of his body and as a result thereof was confined to the hospital for a period of three weeks and then to his bed at home during the summer of 1946 and most of the following winter; that plaintiff did not make claim under the aforesaid provisions of his policies until on or about June 1, 1947, although he had been totally incapacitated by the cerebral hemorrhage from its inception and had been unable to perform any work for compensation, gain or profit, but that he did not know until on or about June 1, 1947, that his condition resulting from the said hemorrhage would permanently and totally and continuously disable and prevent him from performing any work for compensation, gain or profit, and from following any gainful occupation, or that his condition would not improve sufficiently to permit him to again perform work for compensation, gain or profit, or from following a gainful occupation; that on or about June 1, 1947, it became manifest

to both plaintiff and his medical adviser that his condition was such that he was both permanently and totally disabled so that he was and had been permanently, continuously and wholly disabled from performing any work for compensation, gain or profit and from following any gainful occupation; that such condition had continuously existed since May 10, 1946, and would continue in the future, and thereupon plaintiff made claim upon the defendant for the benefits as provided under the policy for disability benefits; that notwithstanding the fact that plaintiff actually became totally and permanently disabled from the date of said hemorrhage and that such condition continued and existed since that date, and notwithstanding the fact that plaintiff did not attain the age of sixty years until February 5, 1947, the defendant has nevertheless wrongfully denied liability for the payment of disability benefits as in and by said policies of insurance provided, for the alleged reason that the plaintiff did not furnish due proof of such disability before attaining the age of sixty years.

The defendant moved to strike the amended complaint as amended upon the grounds that it failed to allege a cause of action; that it failed to allege that plaintiff, before attaining age sixty, furnished defendant due proof of total and permanent disability as required by said policies, and that the excuse tendered by said amended complaint for failure to file due proof within the time required by the said policies is not sufficient in law. The circuit court overruled the motion to dismiss and entered judgment, which was reversed by the Appellate Court.

The pertinent facts as disclosed by the pleadings are that plaintiff suffered a cerebral hemorrhage May 10, 1946, which rendered him totally and permanently disabled thereafter; that he attained the age of sixty years February 5, 1947; that he made claim for disability benefits under the policies on or about June 1, 1947, which payments were refused because due proof of the total and permanent dis-

ability had not been furnished before he attained the age of sixty years.

At the outset, we are confronted with the decision of this court in *Moscov v. Mutual Life Insurance Co.* 387 Ill. 378, wherein we considered a policy identical with No. 3993549, and substantially the same as policy No. 3396323, in the case at bar. Unlike the present case, however, the contract of insurance there considered was a Pennsylvania contract, and as such, we expressly stated, was governed by Pennsylvania law. Following the case of *Jenkins v. Mutual Life Ins. Co.* 130 Pa. Super. 442, 198 Atl. 486, we held that the provisions of the section titled "Benefits in the Event of Total and Permanent Disability Before Age 60," *supra,* required that the insured furnish proof of disability before he attained the age of sixty as a condition precedent to the insurer's liability. There were present in that case two factors which are not present here. First, the insured contended that the provisions of the policy in the section title "Supplementary Benefits to Section Entitled 'Benefits of Total and Permanent Disability before Age 60'," *supra,* constituted a waiver of the necessity of making proof before age sixty, or in the alternative created an. ambiguity that should be construed against the insurer. Citing a New York case, (*Birnbaum v. Mutual Life Ins. Co. of New York,* 170 Misc. 83, 9 N.Y. Supp. 2d 928,) we held that the latter provision presented no discernible question as to the construction or interpretation of the provision relating to proof of disability before age sixty. It was stated that to sustain plaintiff's contentions a new contract would be made and a liability created where none existed, and that the court declined to render ambiguous the simple language of the contract which it felt to be singularly free from ambiguity in the respects challenged. Though not expressly stated, a reading of the opinion indicates that this conclusion stemmed from faithful adherence to the Pennsylvania decision previously referred

to. Second, the question was raised as to whether insanity of the insured excused, as being impossible, the necessity of making proof of disability before age sixty. Again, applying to the Pennsylvania contract the Pennsylvania law as stated in *Farmer's Trust Co.* v. *Reliance Life Ins. Co. of Pittsburgh,* 140 Pa. Super. 115, 13 Atl. 2d 111, and *Courson* v. *New York Life Ins. Co.* 295 Pa. 518, we held that failure to submit proof of disability before age sixty was not excused by reason of insured's alleged insanity.

Although, as defendant points out, the protestations and reservations of the court against Pennsylvania law extend only to those opinions considered in conjunction with the insanity issue, it was also the express statement of the court that the determination of whether the furnishing of proof before the age of sixty was a condition precedent to insurer's liability was, by virtue of the Uniform Judicial Notice of Foreign Law Act, (Ill. Rev. Stat. 1943, chap. 51, par. 48g *et seq.*) to be made on the basis of Pennsylvania law. We, therefore, do not agree with the defendant and the Appellate Court that the decision in the *Moscov case* is conclusive as to the issue in the instant case, nor must we be motivated in such a situation by the doctrine of *stare decisis.* We find no other case in this jurisdiction, nor has any been cited, involving the same point.

Defendant has cited the case of *Birnbaum* v. *Mutual Life Ins. Co. of New York,* 170 Misc. 83, 9 N.Y. Supp. 2d 928, and *Mutual Life Ins. Co. of New York* v. *Landry,* 148 Fed. 2d 699, wherein identical policy provisions were considered and were construed to provide that proof of disability before age sixty was a condition precedent to the insurer's liability. As the court concluded in the *Landry case,* defendant sees this view as representing the "overwhelming weight of authority." Plaintiff, on the other hand, has cited *Mutual Life Ins. Co. of New York* v. *Smith,* 259 Ky. 709, 79 S.W. 2d 28, and *Smith* v. *Mutual Life Ins. Co. of New York,* 188 Ark. 111, 69 S.W. 2d 874,

wherein substantially similar provisions were held to plainly and definitely mean that if the insured suffers total and permanent disability prior to his sixtieth birthday and at the time has paid all premiums due, the liability of the insurer then and there attaches and recovery of benefits is postponed until proof is submitted. They construe the furnishing of proof of disability not as a condition precedent to creation of coverage for insured's disability, or of the liability of the insurer for disability benefits, but only as a condition precedent to insured's right to enforce payment of benefits, which right is postponed until proof is made.

Our examination of the policies and provisions being here considered leaves us in accord with the latter view. As pointed out in the *Smith case* in Arkansas: "It is self-evident that the paramount consideration the parties had in mind at the execution of this contract was insurance against total and permanent disability." In large and heavy lettering the policy here announces "Benefits in the Event of Total and Permanent Disability before Age 60." This is the protection the insured sought. To hold with the contention of defendant would be to reduce that protection to "Benefits in the Event of Proof Before Age Sixty of Total and Permanent Disability." It has also been pointed out that if furnishing of proofs before age sixty is a condition precedent to the insurer's liability, a person who became disabled one day before he was sixty, could not recover because it would be impossible for him to make proof of loss prior to his sixtieth birthday. The case is extreme yet the result obtains from such a construction as defendant urges. The intent of the parties entering the insurance contract would be defeated, and the insured would not receive the protection for which he paid his premiums. We agree with the court in *Kimel* v. *Missouri State Life Ins. Co.* 71 Fed. 2d 921, that in such a policy, the phrase "before attaining the age of sixty" relates to the time of suffering the disability, not to the

approval of the proofs thereof. In view of the caption of the disability provision we deem this to be a reasonable construction of the language used in the policies here, for it is the caption alone that contains any express condition precedent. To so hold gives effect to the manifest intent of the parties.

In addition, we do not share defendant's view, and that of some other jurisdictions, that the disability provision in the policies here is clear and unambiguous. The litigation it has provoked, and the conflicting views it has nurtured in the judiciary, are at least indicative that it is not clothed with the simplicity and clarity that is urged. To infer in large and heavy print that the insurer is liable for total and permanent disability before age sixty, and then in smaller type and standard inking below to use language which purportedly limits the insured's liability for total and permanent disability of which proof is made before age sixty, is so misleading as to create an ambiguity which must be resolved in favor of the insured. It is true that paragraph captions in policies are not required to be drawn so as to include every requirement in the policy, (*Continental Casualty Co.* v. *Trenner et al.* 35 Fed. Supp. 643,) however, it must also follow that the captions should not be repugnant or misleading as to the requirements or coverage in the policy.

Defendant chose the words of the policy, formed the provision, and adopted the method of printing. The average policyholder in reading the policy would believe that the event of his disability before age sixty was the condition upon which the insurer would be liable for benefits, and not that the insurer was liable only if proof of disability was made before age sixty. Ambiguous provisions or equivocal expressions whereby an insurer seeks to limit its liability will be construed most strongly against the insurer and liberally in favor of the insured. *Lenkutis* v. *New York Life Ins. Co.* 374 Ill. 136.

For the reasons stated, the judgment of the Appellate Court is reversed and that of the circuit court of Cook County affirmed.

*Appellate Court reversed;*
*circuit court affirmed.*

Mr. JUSTICE WILSON, dissenting.