**JOHNSON**

v.

**NEW YORK LIFE INS. CO.**

**No. 51 C 1784.**

United States District Court
N. D. Illinois.

Oct. 8, 1953.

Koven & Koven, Chicago, Ill., for plaintiff.

MacLeish, Spray, Price & Underwood, Wendell J. Brown, Chicago, Ill., for defendant.

HOFFMAN, District Judge.

This is the defendant's motion for summary judgment in a complaint at law. The defendant filed an answer and affidavits in support of its motion.

The following facts are undisputed:

1. Under date of December 30, 1930, the defendant issued its policy on the life of Max Johnson, since deceased, in the amount of $10,000, rating up his age to 45 years. Policy included disability benefits described as follows:

a. On the face of the policy (page 1) the following clause occurred:

"And upon receipt of due proof that the Insured is totally and presumably permanently disabled before rated-up age 60,

The Company Agrees To Pay
To The Insured

One Hundred Dollars each month and to waive payment of premiums, as provided under 'Total and Permanent Disability'."

b. Under the heading, "Total and Permanent Disability" on an inside page, the following clauses are included:

"Upon receipt by the company at its Home Office of due proof, as hereinafter provided, that the Insured has become totally disabled by bodily injury or disease so that he is and will be thereby

wholly prevented from performing any work, following any occupation or engaging in any business for remuneration or profit, and that such disability has already , continued uninterruptedly for a period of at least four months * * *, and provided that * * *

"(2) such total disability began before the anniversary of the Policy on which the Insured's rated-up age at nearest birthday is 60, and prior to the maturity of this Policy * * *

"the Company will grant the following benefits:

"(a) *Waiver of Premium.*—The Company will waive the payment of each premium falling due after the commencement of such total disability and during its continuance, provided, however, that no premium shall be waived which shall have fallen due more than one year prior to the date of receipt at the Home Office of the Company of written notice of claim, as hereinafter provided, * * *.

"(b) *Income Payments.*—The Company will pay to the Insured the monthly income stated on the first page hereof * * * for the fourth and each succeeding completed month of such total disability * * * provided, however, that no such monthly payment shall be made * * * for any period more. than one year prior to the date of receipt at the Home Office of the Company of written notice of claim. * * *

"Written notice of claim hereunder must be received by the Company at its Home Office during the lifetime and during the continuance of total disability of the Insured. * * *

"Due proof of claim must be received at the Home Office of the Company before the expiration of one year after default in payment of premium, and in any event, whether or not there be a default, not later than one year from the anniversary of the Policy on which the Insured's rated-up age at nearest birthday is 60, or one year after maturity of the Policy, whichever is the earlier date, otherwise the claim shall be invalid."

It is to be noted that the photostatic copy of the policy attached to the complaint is not identical in all respects with the photostatic copy attached to the affidavit of John E. Patterson, submitted by the defendant in support of its motion. In the respect involved in the issues in this case, however, both policies are the same.

2. The Insured attained the rated-up age of 60 years on December 30, 1945, the anniversary date of the policy.

3. The insured became totally disabled on or about January 1, 1944.

4. On May 5, 1950, the insured gave notice of disability to the defendant.

5. On May 19, 1951, the insured died, and on May 20, 1951, the plaintiff was appointed administrator.

6. Plaintiff claims damages as follows:

a. $100 a month for the period from one year prior to the date of notice to the defendant to the date of the insured's death—an aggregate of $2,400.

b. Refund of two annual premiums paid on the policy in the aggregate of $811, under the Waiver of Premium clause above referred to.

The defendant contends that since the insured failed to give notice of his disability to the company within one year after the anniversary date on which he attained the rated-up age of 60, the claim is invalid under the last quoted clause under "Total and Permanent Disability". This clause provides, in effect, that unless proof of claim is received at the Home Office not later than one year from the anniversary date on which the insured attains the age of 60 years, the claim shall be invalid. The plain meaning of the clause supports the defendant's contention.

Plaintiff, on the other hand, contends that the clause is inconsistent with the legend on the first page of the policy, with the clause which provides that written notice must be received at the Home Office during the continuance of the disability and with the clause that pre-

scribes that disability must begin before the anniversary date on which the insured attains 60 years, and that therefore an ambiguity is created which invites a construction of the policy as a whole by the court in the light of the rule that insurance policies are construed most strongly against the insurer.

The plaintiff submits the case of Mosby v. Mutual Life Insurance Co., 405 Ill. 599, 601, 92 N.E.2d 103, 104, 18 A.L. R.2d 1054, as conclusive on the issue. In this case the controlling clause read:

"When Such Benefits Take Effect.—If the Insured, after payment of premiums for at least one full year, shall, before attaining the age of sixty years and provided all past due premiums have been duly paid and this Policy is in full force and effect, furnished due proof to the Company at its Home Office either (a) that he has become totally and permanently disabled by bodily injury or disease * * * the Company, upon receipt and approval of such proof, will grant the following benefits:".

Then follows an enumeration of the benefits.

The plaintiff in the Mosby case furnished proof of the disability after attaining 60 years, and the company defended on the basis of the quoted clause. Relying strongly on the legend on the face of the policy, the court held that an ambiguity existed and concluded that "before 60" referred to the disability but not to the submission of proof to the company.

In support of its conclusion, the court pointed out that if the disability had occurred one day prior to the insured attaining 60 years, it would have been practically impossible to notify the company within the time specified. The gist of the court's reasoning is contained in the following quotation, 405 Ill. at page 607, 92 N.E.2d at page 107:

"Defendant chose the words of the policy, formed the provision, and adopted the method of printing. The average policyholder in reading the policy would believe that the event of his disability before age sixty was the condition upon which the insurer would be liable for benefits, and not that the insurer was liable only if proof of disability was made before age sixty. Ambiguous provisions or equivocal expressions whereby an insurer seeks to limit its liability will be construed most strongly against the insurer and liberally in favor of the Insured. Lenkutis v. New York Life Ins. Co., 374 Ill. 136, 28 N.E.2d 86."

The court did not parse the critical sentence. Isolating this sentence and as a matter of grammatical construction, it is possible neither to sustain the court's conclusion nor, in fact, to deduce any ambiguity. The conclusion can only be sustained on the basis of the supposed effect of the legend on the first page and general rules, attitudes and equities applicable to insurance policies.

Be that as it may, the text of the policy in the Mosby case is radically different from that here involved:

(a) Here there is no exaggerated type on the first page and the first page clause refers specifically to the inside detail.

(b) There is no contention here that notice must be received before age 60.

(c) There is no ambiguity in the present instance. The language employed is clear and unambiguous. It is impossible simultaneously to express all facets of a complicated thought, and it is certainly good draftsmanship to break up the individual items into sentences or distinct paragraphs. There is no conflict between the several elements of the integrated provisions and no basis for asserting that the insured would be misled as to the extent of the coverage.

The Mosby case marks the extreme limit of the application of a construction in favor of the insured. It distinguishes the earlier case of Moscov v. Mutual Life Insurance Co. of New York, 387 Ill. 378, 56 N.E.2d 399, which arrived at an opposite result upon almost identical facts,.

upon the somewhat dubious ground that the Moscov case was decided under Pennsylvania law.

There is no need to construe the other cases cited by the plaintiff, since they involve only collateral principles of no particular significance upon the precise issue involved.

The motion of the defendant for summary judgment is sustained.