## JOHNSON

v.

## NEW YORK LIFE INS. CO.

### No. 11023.

United States Court of Appeals,
Seventh Circuit.

April 23, 1954.

Rehearing Denied May 19, 1954.

Henry H. Koven, Howard R. Koven, Charles N. Salzman, Chicago, Ill., for appellant.

Wendell J. Brown, Harold D. Burgess, Joseph A. Dubbs, Chicago, Ill., Lee M. Gammill, New York City, for New York Life Ins. Co., appellee.

Before DUFFY, SWAIM and SCHNACKENBERG, Circuit Judges.

DUFFY, Circuit Judge.

Plaintiff brought this action as the administrator of the estate of Max Johnson, deceased, to recover disability benefits claimed to be due under a policy of life insurance which defendant issued on the life of Max Johnson. Plaintiff also sought recovery of two annual premiums paid by Max Johnson claiming that same were waived under the terms of the policy. The district court had jurisdiction on the basis of diversity of citizenship. After answer defendant moved for summary judgment which motion was granted.

On December 30, 1930, defendant issued a policy of life insurance on the life of Max Johnson in the amount of $10,000, rating up his age to 45 years. The policy included disability benefits. On Page 1 of the policy there appeared in bold type:

"And upon receipt of due proof that the Insured is totally and presumably permanently disabled before rated-up age 60, the Company agrees to pay to the Insured one hundred dollars ($100.00) each month and to waive payment of premiums, as provided under 'Total and Permanent Disability.' "

On an inside page of the policy under the heading "Total and Permanent Disability," the following clauses are included:

"Written notice of claim hereunder must be received by the Company at its Home Office during the lifetime and during the continuance of total disability of the Insured. Failure to give such notice within such times, shall not invalidate any such claim if it shall be shown not to have been reasonably possible to give such notice within such times and that notice was given as soon as was reasonably possible.

"Due proof of claim must be received at the Home Office of the Company before the expiration of one year after default in payment of premium and in any event, whether or not there be a default not later than one year from the anniversary of the Policy on which the Insured's rated-up age at nearest birthday is 60 or one year after maturity of the Policy, whichever is the earlier date,

otherwise the claim shall be invalid."

The policy was issued at rated-up age 45, which made December 30, 1945, the anniversary of the policy on which the insured's rated-up age at nearest birthday was 60, and after which date the disability provisions of the policy were no longer effective by the terms of the policy. The insured became disabled about January 1, 1944, but he did not give any notice of disability or make a claim until May 4, 1950. The insured died on May 19, 1951, and plaintiff was thereafter appointed administrator of his estate.

The defendant denied liability for disability payments on the ground that due proof of claim was not submitted on or before December 30, 1946, which date was one year from the anniversary of the policy on which the insured's rated-up age at nearest birthday was 60. Plaintiff claims that the due proof of claim clause relied on by defendant is inconsistent with the clause that prescribes that disability must begin before the anniversary date on which the insured attains 60 years, and that therefore an ambiguity is created which invites a construction of the policy as a whole in the light of the rule that insurance policies are construed most strongly against the insurer.

■ The insurance contract was executed in Illinois, and premium payments due thereunder were to be paid at a designated place in that State. We, therefore, interpret the insurance policy under Illinois law as interpreted by Illinois courts. Keehn v. Excess Insurance Co. of America, 7 Cir., 129 F.2d 503, 505.

The provisions of the policy appearing in bold type on page 1 seem to be somewhat in conflict with the provisions on page 2 as to notice of claim and proof of claim. The first part of the page 1 provision is:

"And upon receipt of due proof that the Insured is totally and presumably permanently disabled before rated-up age 60, the Company agrees to pay to the Insured one hundred dollars ($100.00) each month * * *."

Then follows the clause:

" * * * and to waive payment of premiums, as provided under 'Total and Permanent Disability.' "

In view of the fact that the comma is placed after the word "premiums" rather than after the word "month," a proper grammatical construction would be that the entire page 1 provision quoted is qualified and limited by the words, "as provided under 'Total and Permanent Disability.' "

The provisions as to notice of claim and proof of claim are on page 2, under the subhead, "Total and Permanent Disability." The only requirement of the notice of claim is that such notice be received by the company during the lifetime and the continuance of total disability of the insured. It is without dispute that Johnson, the insured, gave notice within the terms of that provision. However, the following paragraph requires that due proof of claim must be received at the home office of the company "not later than one year from the anniversary of the Policy on which the Insured's rated-up age at nearest birthday is 60 * * *." This date in the case at bar was December 30, 1946, and admittedly no proof of claim was made by the insured before that date. The concluding words of the paragraph are, "otherwise the claim shall be invalid."

Plaintiff claims that the rule in Illinois is established by Mosby v. Mutual Life Insurance Co. of N. Y., 1950, 405 Ill. 599, 92 N.E.2d 103, 18 A.L.R.2d 1054. The annotation in A.L.R. (18 A.L.R.2d, 1061 to 1071) demonstrates that the weight of authority in this country is contrary to the holding in the Mosby case, but irrespective of whether it represents the majority or the minority viewpoint, we must follow the rule laid down by the highest court of Illinois, and hence must determine whether the facts in the case at bar bring it within the ambit of the Mosby case.

The district judge strongly disapproved of the holding in the Mosby case. D.C., 117 F.Supp. 52, 54. He stated that the Illinois Supreme Court did not parse the critical sentence, and that "it is possible neither to sustain the court's conclusion nor, in fact, to deduce any ambiguity." He also pointed out that the court had arrived at an opposite result in the Moscov case, (Moscov v. Mutual Life Ins. Co. of N. Y.) 387 Ill. 378, 56 N.E.2d 399 "upon almost identical facts, upon the somewhat dubious ground that the Moscov case was decided under Pennsylvania law." However, as indicated before, in a diversity case it matters not that a federal judge does not approve of the reasoning in a State court's decision. Our duty in a diversity case is to follow the law as laid down by the highest court of a State, whether we like the ruling or not. Our only inquiry here must be whether the facts of the case under consideration bring it within the State court's decision.

In Mosby [405 Ill. 599, 92 N.E.2d 104] the policy provision read,

" 'Benefits in the Event of Total and Permanent Disability Before Age 60.

" 'When Such Benefits Take Effect.—If the Insured, after payment of premiums for at least one full year, shall, before attaining the age of sixty years and provided all past premiums have been duly paid and this Policy is in full force and effect, furnish due proof to the Company at its Home Office either (a) that he has become totally and permanently disabled by bodily injury or disease * * * the Company, upon receipt and approval of such proof, will grant the following benefits:' * * * " (There was then an enumeration of the benefits.)

The insured in the Mosby case furnished proof of disability after he had attained the age of 60 years. The court held that an ambiguity existed and concluded that the provision required that furnishing the proof of disability was not a condition precedent to creation of coverage for insured's disability or the liability of the insurer for disability benefits, but is only a condition precedent to insured's right to enforce payment of benefits which right is postponed until such proof is made. The court specifically distinguished its previous decision in the Moscov v. Mutual Life Insurance Co. of N. Y. case, 387 Ill. 378, 56 N.E.2d 399, where the policy provisions were almost identical to those in the Mosby policy, but where the court applied the law of Pennsylvania which is in accord with the weight of authority. Instead of following such authority, it chose to follow the minority view expressed by such cases as Mutual Life Insurance Co. of N. Y. v. Smith, 257 Ky. 709, 79 S.W. 2d 28, and Smith v. Mutual Life Insurance Co. of N. Y., 188 Ark. 1111, 69 S.W.2d 874.

Thus, in the Mosby case, the policy provided that if the insured shall, before attaining age 60, furnish due proof of claim to the company at its home office, the company will pay disability benefits; in the instant case, the provision is that the due proof of claim must be received by the company at its home office not later than December 30, 1946, otherwise the claim shall be invalid. While the latter provision is a bit more emphatic than the one in the Mosby case, yet the provisions are in substance the same. There really is no difference in stating that a claim is invalid and saying that the company will not pay a claim. There is no valid distinction because in the Mosby case the condition is laid down on which a claim will be paid, while in the case at bar the statement is that the claim is invalid.

In view of the conflict between the provisions of the policy in the case at bar, as pointed out, requiring under Illinois law a construction of said policy most favorable to the insured, and keeping in mind the rationale of the decision in the Mosby case, we think the Illinois Supreme Court would hold that the defendant was liable on the policy for disability payments from such time as proof is made that the insured was

totally and permanently disabled up to December 30, 1945. We must, therefore, hold that it was error to have granted defendant's motion for summary judgment.

The judgment of the district court is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed.