Illinois State Trust Company, Executor of Last Will and Testament of Marvin E. Gray, Deceased, Plaintiff-Appellee, v. Employees Life Company, Defendant-Appellant.

Term No. 55–O–7.

Fourth District.

February 1, 1956.

Released for publication February 23, 1956.

Oehmke, Dunham & Boman, of East St. Louis, Dent, Hampton & Doten, of Chicago, and Earl S. Hodges, of Springfield, for defendant-appellant; Samuel C. Patton, of Springfield, of counsel.

Goldenhersh & Goldenhersh, of East St. Louis, for plaintiff-appellee.

PRESIDING JUSTICE BARDENS delivered the opinion of the court.

Suit was brought by plaintiff to secure a death benefit under a policy issued by the defendant to plaintiff's testate. The case was submitted upon a stipulation of facts and judgment was rendered for plaintiff for $2,000, plus interest and costs of suit.

The facts stipulated were substantially as follows: That the policy in question was issued to Marvin E. Gray (who is plaintiff's testate), designating his wife Eugenia Gray as beneficiary, and was in full force on January 3, 1954, when the insured and his wife met death; that Gray and his wife were killed while he was operating and flying a Piper Pacer plane owned by him when said plane plunged into Lake Pontchartrain at New Orleans, Louisiana.

The policy about which the dispute arises is designated on the back "Employees Income Protection

Policy" and states on the back and at the top of page 1:
"This Policy Provides Benefits for Loss of Life and
Time by Accidental Bodily Injuries and Loss of Time
Caused by Illness to the Extent Herein Provided and
is Renewable only at the Option of the Company."

On page 1 of the policy the insuring clause reads as
follows:

"EMPLOYEES LIFE COMPANY
(Hereinafter called the Company)
Does Hereby Insure
The Insured named on page 4 of this policy (here-
inafter called the Insured)

Against loss commencing while this policy is in
force from:

    (1) Accidental Bodily Injuries sustained or
after the Effective Date of Issue of this
policy (herein called injury); or

    (2) Illness which has cause and beginning
more than thirty (30) days after said
Date (herein called illness).

For such injury or illness the Company agrees to
pay indemnities to the Insured in the manner and
to the extent herein provided."

Also on page 1 the second clause following the insuring
clause reads as follows:

"AIR TRAVEL COVERAGE
This policy covers such injury if caused by any
of the hazards of aviation only while the Insured
is riding as a fare paying passenger in a licensed
passenger airplane provided by an incorporated
common carrier of passengers and while operated
by a licensed transport pilot upon a regular
passenger route between definitely established
airports."

457

On page 2 of the policy under the heading "Conditions, Provisions and Benefits," Part II entitled "Accidental Death Benefit" reads as follows:

"The Company will pay the Accidental Death Benefit provided on Page 4 hereof, if death of the Insured shall result solely from such injury within ninety (90) days after such injury is sustained."

On page 4 the accidental death benefits are designated as the sum of $2,000.

Defendant and plaintiff disagree as to whether the air travel clause above referred to applies to "death" as distinguished from "injury." Plaintiff relies upon the cases of Ziolkowski v. Continental Casualty Co., 365 Ill. 594, 7 N.E.2d 451, and Porter v. Continental Casualty Co., 277 Ill. App. 492. In both of these cases the court held that "injury" did not include "death."

■■■■ In interpreting and construing insurance policies courts rely upon principles governing other types of contracts. Policies should be construed according to the sense and meaning of the terms used and if the language is clear and unambiguous it must be taken in its plain, ordinary and popular sense. Zitnik v. Burik, 395 Ill. 182, 69 N.E.2d 888. However, a policy is to be construed strictly against the insurer; (Freeport Motor Casualty Co. v. Tharp, 338 Ill. App. 593, 88 N.E.2d 499); and in the case of inconsistent, conflicting or ambiguous provisions, the one which affords the insured the most protection will govern. Mosby v. Mutual Life Ins. Co. of New York, 405 Ill. 599, 92 N.E.2d 103.

We will first examine the cases of Ziolkowski v. Continental Casualty Co., 365 Ill. 594, 7 N.E.2d 451, and Porter v. Continental Casualty Co., 277 Ill. App. 492, relied upon by plaintiff. In the Ziolkowski case the opinion discloses that the insuring clause in that policy promised to pay indemnity for loss of life, limb, limbs,

sight, or time resulting from personal bodily injury which is effected solely and independently of all other causes by the happening of external, violent and purely accidental event. In Part V of said policy, under a heading entitled "Not Covered," the policy provides that it shall not cover any loss if the injury causing it results from the intentional act of the insured or of any other person excepting, however, assaults committed upon the insured for the sole purpose of burglary or robbery and assaults incurred by the insured while engaged in the proper performance of the duties of his occupation. The evidence showed that the death of the insured was caused by a stabbing that was intentional and was not committed for the sole purpose of burglary or robbery or incurred while insured was engaged in the performance of the duties of his occupation. In the Porter case, 277 Ill. App. 492, the insuring clause of the policy promised to pay indemnity as follows: "The insurance given by this policy is against loss of life, limb, limbs, sight or time resulting from personal bodily injury . . . ." In Part XI, entitled "Miscellaneous Provisions," was a clause excluding injury which was substantially identical with the exception clause in the Ziolkowski case. Death in this case also was caused by an unprovoked stabbing, not committed for the purpose of burglary or robbery, and not incurred while the insured was engaged in the proper performance of the duties of his occupation. In both of these cases judgments were rendered against the insurance company. In these two cases the court held that loss of life as well as injury was covered by the insuring clauses and treated by the terms of the policy as separate items and that, therefore, the exceptions which applied by their language to injury only were not to be construed as applying also to death benefits and that "injury" did not itself include "death" and that since "death" was separately

insured against, the "injury" insurance was meant to apply only to nonfatal injuries.

The two cases above analyzed are distinguishable from the one before us now. The policy in this case did not purport by its insuring clause to insure against "death" at all but only "injury" or sickness. In clear language on page 1 it was provided that any injury from air travel in a private plane was excluded. On page 2 under the heading "Conditions, Provisions and Benefits" the insured was given the death benefit, but only if it resulted from "such injury" could only refer to an injury set out under the provisions of page 1 of the policy which excluded air travel in a private plane.

The policy in this case contains no inconsistency or ambiguity as applied to the facts stipulated. It clearly excludes the death benefits under air travel coverage. The judgment of the lower court therefore is reversed.

Judgment reversed.

CULBERTSON and SCHEINEMAN, JJ., concur.