Dennis J. Mollihan, Plaintiff-Appellee, *v.* Joseph Stephany, Defendant. (State Farm Mutual Automobile Insurance Company, Garnishee-Appellant.)

First District (1st Division) No. 61627

Opinion filed December 22, 1975.

John T. Kennedy, of Chicago, for appellant.

Thomas William Burke and Joseph J. Jares, Jr., both of Chicago, for appellee.

Mr. JUSTICE SIMON delivered the opinion of the court:

This is a contest between Dennis J. Mollihan, the plaintiff, and State Farm Mutual Automobile Insurance Company, the garnishee, over the validity of an automobile policy issued by the latter to Joseph Stephany, the defendant, on December 4, 1970. Stephany, while driving his automobile on December 10, 1970, had a rear-end collision with the plaintiff's automobile. The plaintiff suffered personal injuries, obtained a default judgment against Stephany and promptly filed a garnishment proceeding against State Farm.

State Farm denied indebtedness to Stephany in its answers to interrogatories propounded to it by plaintiff. It also filed an additional document under oath which in substance alleged that in applying to State Farm for the automobile policy 6 days before the accident, Stephany represented that no driver's license for any member of his household had been revoked in the preceding 3 years and that this was untrue since Mrs. Stephany's license had been revoked. It further alleged that after learning of the misrepresentation State Farm notified Stephany 18 days after the accident that his policy was rescinded and void from its inception.

Plaintiff moved for summary judgment. One of the grounds for summary judgment stated in the motion was as follows:

> "2. That Garnishee-defendant under policy number 4972451 FO 4-13 made payment under the collision insurance to judgment-debtor Joseph Stephany for property damage to his automobile as a result of the occurrence out of which the judgment herein arises."

Plaintiff filed Stephany's deposition in support of its motion. It was taken by the defendant and the plaintiff did not attend the deposition. Stephany testified that the damage to his own car was repaired by State Farm.

An additional ground for summary judgment urged upon us by plaintiff is that Stephany informed State Farm's agent of Mrs. Stephany's license revocation at the time he gave the agent the insurance application, and consequently he made no misrepresentation to State Farm.

In response to plaintiff's motion for summary judgment, State Farm filed an affidavit of its agent stating that Stephany informed him at the time the application for insurance was received that there had been no revocation or suspension of the driver's license of any member of his household. State Farm also filed a motion for judgment on the pleadings on the ground that its additional answer constituted a defense which was admitted because the plaintiff failed to respond to it. In addition, State Farm filed an answer to plaintiff's motion for summary judgment which in no way responded to the plaintiff's allegation or evidence of payment to Stephany under the collision insurance provision of the policy. State Farm's answer also failed to state when it learned of Stephany's misrepresentation concerning revocation of his wife's license.

The circuit court denied the garnishee's motion for judgment on the pleadings and allowed the plaintiff's motion for summary judgment. State Farm, as garnishee, is appealing and seeks dismissal of the garnishment or reversal of the summary judgment and a remand for trial.

Section 11(a) of the garnishment act (Ill. Rev. Stat. 1973, ch. 62, § 43(a)), provides that a garnishee's answer shall be considered denied without further pleading. The failure of the plaintiff to respond to the garnishee's additional answer was, therefore, not an admission of its allegations.

■■ One seeking to rescind a transaction on the ground of fraud or misrepresentation must elect to do so promptly after learning of the fraud or misrepresentation, must announce his purpose and must adhere to it. *Farmers Automobile Insurance Association v. Pursley* (1971), 130 Ill. App.2d 980-985, 267 N.E.2d 734.) Illinois courts favor affording coverage under an insurance policy wherever the facts justify such coverage. *Van Hulle v. State Farm Mutual Automobile Insurance Co.* (1968), 99 Ill.App.2d 378, 385, 241 N.E.2d 320.

■■ State Farm takes the position in its brief that at most its payment for Stephany's collision damage raises an issue of fact as to whether other coverage under the policy remained valid. We agree and summary judgment based on such payment would, therefore, be inappropriate. In any event, the payment could have no significance unless it was made after State Farm learned of the misrepresentation.

■■ The plaintiff, relying on *Boyles v. Freeman* (1974), 21 Ill.App.3d 535, 315 N.E.2d 899, argues that State Farm was estopped from rescind-

ing the policy because Stephany disclosed facts with respect to the cancellation of his wife's driver's license which the insurance agent failed to include in the application. *Boyles v. Freeman* does not support the plaintiff's position because in that case the insurer stipulated that the insured informed the agent receiving the application that his license had been revoked, but the agent who wrote out the application failed to include this information in the form he asked the insured to sign. In this case, State Farm by the affidavit of its agent denied that Stephany ever disclosed that his wife's license had been revoked. The record, therefore, raises a genuine issue of fact with respect to what Stephany told State Farm's agent, and this precludes the granting of summary judgment on this ground.

The lack of evidence showing when State Farm learned of the alleged misrepresentation precludes the granting of summary judgment for an additional reason. That evidence would be material to show whether State Farm acted promptly in rescinding the policy after it acquired this information. Because of the absence of this evidence from the record, we cannot affirm summary judgment in favor of the plaintiff on the ground that State Farm failed to rescind promptly after receiving information regarding Mrs. Stephany's license revocation.

■■ Finally, plaintiff claims that Stephany testified on the taking of his deposition that State Farm's agent accepted the summons served upon Stephany in this case, and told Stephany not to worry because he was covered. This is evidence on the basis of which the trier of fact may conclude that State Farm waived any misrepresentation Stephany may have made, or that State Farm is estopped from claiming any misrepresentation by Stephany, or that State Farm never intended to rescind the policy or abandoned its purpose to do so. However, these facts were not set forth in the motion for summary judgment, and State Farm could not be expected to respond to them even though Stephany's deposition testimony related to what he did with the summons. Plaintiff's contention that the summary judgment in its favor should be affirmed on this ground lacks merit even though this will undoubtedly be an issue of fact at the trial of this proceeding.

There is no theory advanced in the motion for summary judgment supported by sufficient evidence in the record to lead this court to conclude there can be no genuine issue of fact. As was pointed out recently in *Lundin v. Egyptian Construction Co.* (1975), 29 Ill.App.3d 1060, 1063, 331 N.E.2d 208, in ruling on a motion for summary judgment the court must construe the pleadings, exhibits and affidavits strictly against the moving party and since summary judgment is a drastic method of dis-

posing of litigation, the right of a party to invoke the remedy must be free from doubt. The denial of the garnishee's motion for judgment on the pleadings is, therefore, affirmed, the summary judgment allowed in favor of the plaintiff is reversed and this garnishment proceeding is remanded for further proceedings.

Affirmed in part, reversed in part, and remanded for further proceedings.

BURKE, P. J., and GOLDBERG, J., concur.