SAFEWAY INSURANCE COMPANY, Plaintiff-Appellee, *v.* FRANK DURAN *et al.*, Defendants-Appellants.

First District (4th Division)   No. 78-473

Opinion filed August 2, 1979.

JIGANTI, P. J., dissenting.

William J. Scott, Attorney General, of Chicago (Karen Konieczny, Assistant Attorney General, of counsel), for appellant The Illinois Department of Transportation.

Alvin R. Becker, of Chicago, for appellee.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Safeway Insurance Company (hereinafter Safeway), plaintiff-appellee, commenced this action seeking a declaratory judgment regarding its obligation to pay or defend on behalf of Frank Duran or Dennis Duran under an automobile liability policy. The action pertained to a collision involving Dennis Duran wherein the Illinois Department of Transportation sustained property damage of $17,123.40. Safeway named the Illinois Department of Transportation, defendant-appellant, a third-party beneficiary of the policy proceeds, as a defendant.

A declaratory judgment was entered for Safeway and the trial court found that the failure to disclose Dennis Duran's co-ownership of the vehicle was a material nondisclosure as a matter of law affecting the risk to be insured. The court further declared the insurance policy void and found that Safeway had no duty to pay or defend on behalf of the Durans as a result of the occurrence of May 21, 1976. The Illinois Department of Transportation alone appeals from this order inasmuch as the Durans did not join in this appeal. We affirm.

On September 30, 1975, Frank Duran and his son, Dennis Duran, purchased a 1976 Ford LTD (hereinafter Ford). Frank and Dennis were listed as owners on the sales slips for the car, and the title was registered to

both Durans. The State of Illinois license registration was also issued in the names of Frank Duran and Dennis Duran.

At the time the car was purchased, Dennis was 20 years old and resided with his parents at 1941 West 21st Street, Chicago, Illinois. He owned another car for the purpose of traveling to and from work. According to the Durans, Dennis' name was furnished as an owner only to give him a credit reference. It was understood between Dennis and his father that the son would use the car occasionally with his father's permission, if he procured liability insurance. It is disputed whether Dennis had his own keys to the Ford.

Frank Duran purchased the automobile liability insurance in question from Scott Insurance Agency in May 1976. The policy, issued by Safeway, was in effect at the time of the collision. Frank Duran was listed as the sole applicant and sole owner of the car, while he and his wife were listed as the only persons who would customarily operate the vehicle. Further, Frank and his wife were to do 100 percent of the driving.

Dennis drove the car 25 to 50 times from the time of its purchase in September 1975 until May 21, 1976, the date of the collision. During the period from April 20, 1976, until the day of the incident in question, he drove the car on at least four occasions. A disagreement took place between Dennis and his father regarding Dennis' failure to procure liability insurance and, as a result, Dennis allegedly moved from his parents' home sometime in May 1976.

On May 21, 1976, at approximately 5:30 a.m., while driving the Ford westbound on the Kennedy Expressway at Ontario and Orleans, Dennis struck a lightpole, two roadway gates and a guardrail, incurring $17,123.40 in damages to Illinois State property.

At the time of the accident, Dennis told the investigating police officer that he resided at 1941 West 21st Street. The summons in this case was served upon Dennis at 1941 West 21st Street. His parents' address appeared on his driver's license, issued August 15, 1977. Both Frank and Dennis Duran were listed as owners of the Ford on the claim form submitted to Safeway.

On August 20, 1976, Safeway brought this action for declaratory judgment against Frank Duran, Dennis Duran, and the Illinois Department of Transportation. The insurance company sought a declaration that it was not liable under the liability policy because Frank Duran made a material misrepresentation by failing to list Dennis as a principal driver.

Safeway filed a motion for summary judgment. In response, the Illinois Department of Transportation argued that no material misrepresentation or nondisclosure existed. Thereafter, the trial court granted Safeway's motion for summary judgment.

The single issue for review is whether the trial court erred in

awarding summary judgment for the insurance company on the ground that failure to disclose a legal co-owner of an automobile was a material nondisclosure affecting the insurer's risk.

■■ Appellant argues the trial court erred in awarding summary judgment in that no misrepresentation was made by Frank Duran regarding ownership, because the insurance company never requested information about ownership.

Item 11(b) of the application for insurance states:

> "Unless otherwise stated herein, the automobile described in Item 5 is: * * * (b) solely owned by the insured, subject to the interest of any lienholder therein; * * *."

Appellant contends that the above paragraph was ambiguous in that no space was provided on the application for the owner to disclose the true state of affairs regarding ownership. In our reading of item 11(b), we find no such ambiguity.

Appellant further argues that even if the failure to disclose Dennis as a legal co-owner of the car was a misrepresentation, it was not material to the company's risk or made with an intent to deceive, and the liability should not be avoided therefor.

The option to avoid liability under an insurance policy on the basis of misrepresentation is governed by statute in Illinois. The Illinois Insurance Code (Ill. Rev. Stat. 1975, ch. 73, par. 766) relieves an insurance company of responsibility to pay a claim where there has been a misrepresentation under two circumstances:

> "No misrepresentation or false warranty made by the insured or in his behalf in the negotiation for a policy of insurance, or breach of a condition of such policy shall defeat or avoid the policy or prevent its attaching unless such misrepresentation, false warranty or condition shall have been stated in the policy or endorsement or rider attached thereto, or in the written application therefor, of which a copy is attached to or endorsed on the policy, and made a part thereof. No such misrepresentation or false warranty shall defeat or avoid the policy unless it shall have been made with actual intent to deceive or *materially affects either the acceptance of the risk or the hazard assumed by the company.* This section shall not apply to policies of marine or transportation insurance." (Emphasis added.)

Appellant argues that the misrepresentation was not material to the company's risk in that Dennis did not own, possess and control the automobile. Appellant bases this argument on evidence that Dennis owned another car which he used to travel to and from work; he needed his father's permission to use the Ford; and he did not reside at his parents' home at the time of the accident.

The record reveals that Dennis was a regular user of the Ford in that during a period of 8 months he used the car an average of about 37 times. It is disputed as to whether he resided at home, since at the time his deposition was taken he said he lived with his parents; the summons was served at his parents' home; and his drivers license, issued August 15, 1977, more than 1 year after the accident, contained his parents' address.

Appellee contends that the above facts, in addition to Frank Duran's statement that he and his wife would drive the car 100 percent of the time, were material misrepresentations, and we agree.

■■ The misrepresentation as to the identity of the owner of a vehicle materially affects the risk and hazard assumed by the insurer. (*Western States Mutual Automobile Insurance Co. v. May* (1958), 18 Ill. App. 2d 442, 452-53, 152 N.E.2d 608, 613-14.) When an insurance company issues an automobile liability policy, it has no knowledge of who may use the automobile with the permission of the owner and named insured, but it is a reasonable assumption that ordinarily the major use of the car will be the owner and the named insured. (*Didlake v. Standard Ins. Co.* (10th Cir. 1952), 195 F.2d 247, 251.) The test is, was the representation one which might reasonably have influenced the insurer in deciding whether to accept or reject a risk. (*State Farm Mut. Auto. Ins. Co. v. Mossey* (7th Cir. 1952), 195 F.2d 56, 60.) In *May*, in affirming a judgment of avoidance, the court stated:

> "It is a matter of common knowledge that the rate frequency of accidents for drivers between the ages of sixteen and twenty-four is substantially greater than that for all drivers who are twenty-five years old or more. [Citation.] * * * This in turn determines the premium rate to be charged, the extent of coverage which the insurer is willing to underwrite and the restrictions it may impose as to the conditions under which it will assume the risk." (18 Ill. App. 2d 442, 448.)

In *Didlake*, the court held:

> "Where the application for insurance is made by the true owner and he is to be designated in the policy as the named insured, the insurance company, before issuing the policy, may investigate the age and other facts with respect to such owner which it deems important in determining whether to issue the policy, but where the fact with respect to ownership is misrepresented and the identity of the true owner is concealed with the purpose of obtaining coverage for the true owner under the omnibus clause, no such opportunity is present." 195 F.2d 247, 251.

Finally, in *Government Employees Insurance Co. v. Dennis* (1967), 90 Ill. App. 2d 356, 365, 232 N.E.2d 750, 754, the court held:

> "An insurer is interested in ascertaining the true owner of a car

particularly where the policy covers any person who may be driving the car with the owner's consent. * * * The status, number and character of the persons who are likely to be driving the car with the owner's permission are also material to the risk."

█▌ Here, we find Frank Duran's misrepresentation that he was the sole owner of the car, and that he and his wife would drive the car 100 percent of the time might have influenced Safeway in accepting, limiting or rejecting the risk of insuring the Durans' car.

We affirm the trial court's decision and hold that it did not err in granting summary judgment in favor of Safeway.

Affirmed.

ROMITI, J., concurs.

Mr. PRESIDING JUSTICE JIGANTI, dissenting:

Safeway's complaint for declaratory judgment alleges that in an application for insurance, Frank Duran stated that he and Jovita Duran, his wife, were the only drivers "who customarily operate[d]" the insured automobile. The complaint further alleges that in fact these representations were false and fraudulent and that the principal operator of the automobile was Dennis Duran who was also the co-owner of the insured automobile. This representation, it is asserted, is a misrepresentation either made with intent to deceive or affects the acceptance of the risk. (Ill. Rev. Stat. 1975, ch. 73, par. 766.) Safeway further contends that if the question had been truthfully answered it would not have insured the automobile where the principal driver was a male adult less than 25 years of age.

Forfeitures are not favored in the law and unless the right of such forfeiture is clearly shown no forfeiture may be invoked. (*Freeport Motor Casualty Co. v. Tharp* (1949), 338 Ill. App. 593, 597, 88 N.E.2d 499, *aff'd* (1950), 406 Ill. 295, 94 N.E.2d 139.) Courts favor affording coverage under an insurance policy whenever the facts justify coverage. *Van Hulle v. State Farm Mutual Automobile Insurance Co.* (1968), 99 Ill. App. 2d 378, 385, 241 N.E.2d 320; *Mollihan v. Stephany* (1975), 35 Ill. App. 3d 101, 103, 340 N.E.2d 627.

The application for insurance asked for those who "customarily" operated the automobile. In my estimation the evidence in this motion for summary judgment is insufficient to conclude that at the time the application for insurance was made, Dennis Duran was intended to be a customary operator of the car and that therefore, the application for insurance contained a material misrepresentation. The basis for the conclusion that he was the customary user was that he was a co-owner, had his own keys and used the car, and resided at home.

Frank and Dennis Duran were the co-owners on the title. Frank Duran, however, stated that in fact he was the owner. I do not believe that mere co-ownership or in fact ownership of the automobile can be equated with the question on the application which refers to those who customarily operate the automobile. An owner need not operate the car he owns. Nor do I believe that the fact of co-ownership along with the fact the Dennis Duran had a set of keys and used the car is sufficient to say that the application contained a misrepresentation. The only evidence in the record concerning the use of the automobile by Dennis Duran was that from the time the automobile was purchased until the time of the accident Dennis Duran used the automobile 25 to 50 times, that is only one or two times a week. The minimal use of the car in my estimation does not indicate a customary use and certainly, if this use was contemplated when the application was made, it was not a customary use that rises to the level of a misrepresentation if not stated.

The emphasis in the opinion on the residency of Dennis Duran is confusing. There is nothing in the application that inquired about other members of the Duran household at the time the application was made.

Safeway contends that these allegations must be read in light of the statement in 11(b) of the application concerning the sole ownership being in the name of the applicant. On that issue, the makeup of the form shows that there is a box on the application form that contains a statement, not a question, that unless otherwise stated the automobile is solely owned by the named insured. However, there is no place on the application to indicate that that is not a fact or to explain the fact that as both Frank and Dennis Duran state, on the record title is in the name of both, but, in fact Frank Duran is the sole owner of the automobile. I do not believe that this in conjunction with the other alleged misrepresentation should be construed to allow Safeway to avoid liability in this case.